KAISER OPTICAL SYSTEMS, INC v DEPARTMENT OF TREASURY

Docket No. 226661. Submitted October 1, 2002, at Detroit. Decided
     December 27, 2002, at 9:00 A.M.

Kaiser Optical Systems, Inc.—a Michigan corporation ninety percent
     owned by Kaiser Aerospace & Electronics Corporation (KAEC), a
     Nevada corporation with offices in California—filed in the Tax Tri-
     bunal a petition contesting a single business tax assessment levied
     by the Department of Treasury for sales made by the petitioner to a
     KAEC division in California for the tax years 1989 through 1992. Dur-
     ing the tax years in question, most of the petitioner's primary
     accounting and financial functions were performed in California by
     employees shared by the KAEC division and the petitioner. The peti-
     tioner leased space from the KAEC division for the maintenance of
     the petitioner's financial records at the KAEC division offices. Sales
     made by the petitioner to the KAEC division were treated by KAEC as
     sales by KAEC on its unitary California franchise tax return when
     the KAEC division resold the products and materials purchased from
     the petitioner. A Tax Tribunal hearing referee, applying Department
     of Treasury Revenue Administrative Bulletin (RAB) 1998-1 to the
     facts stipulated by the parties, determined that the petitioner had a
     sufficient nexus with the state of California to preclude the respon-
     dent from "throwing back" the sales in California to this state for
     purposes of the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*
     The Tax Tribunal adopted as its decision the hearing referee's find-
     ings and conclusions. The respondent appealed.

The Court of Appeals *held*:

1. Under the SBTA, a taxpayer whose business is subject to taxa-
     tion both in Michigan and in another state shall apportion its tax
     base. In order to apportion its tax base under the SBTA, the taxpayer
     must be subject to taxation in another state according to the crite-
     ria set in MCL 208.42. The parties in this case do not dispute that
     California has a form of business tax that qualifies under MCL
     208.42.

2. Under RAB 1998-1(I)(2), a sufficient nexus with another state is
     established by a single business taxpayer if the taxpayer maintains
     or has the right to use tangible personal property or real property
     in the other state. Because the presence of the petitioner's

accounts and records in California was part of its activity in that state, the use of space in California was sufficient to establish a nexus with that state under RAB 1998-1(I)(2).

3. The exception found at RAB 1998-1(I)(6)(c), which bars a single business taxpayer from establishing a nexus with another state simply by retaining legal counsel or an accountant in that state, does not apply to this case.

4. The petitioner's activities in California established a substantial nexus between the petitioner and that state so as to satisfy the requirements of the Commerce Clause, US Const, art I, § 8, with respect to taxation of the petitioner by California.

Affirmed.

*Abbott, Nicholson, Quilter, Esshaki & Youngblood, P.C.* (by *Carl F. Jarboe*), for the petitioner.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Judith I. Blinn*, Assistant Attorney General, for the respondent.

Before: GRIFFIN, P.J., and GAGE and METER, JJ.

PER CURIAM. Respondent appeals as of right from a decision of the Michigan Tax Tribunal affirming a hearing referee's decision overturning respondent's tax assessment under the Single Business Tax Act (SBTA), MCL 208.1 *et seq.*, for the tax years 1989 through 1992. The referee determined that petitioner had a sufficient nexus with the state of California and, therefore, respondent improperly assessed petitioner under the SBTA for sales made by petitioner to its parent corporation in California during the tax years in question. We affirm.

The parties submitted stipulated facts to the Tax Tribunal. Petitioner is a Michigan corporation, of which ninety percent is owned by Kaiser Aerospace & Electronics Corporation (KAEC). KAEC is a Nevada corporation with offices in California. During the years in question, 1989-1992, petitioner operated a manufac-

turing facility in Michigan; however, petitioner and KAEC did not file consolidated returns in Michigan.

During the tax years of 1989 through 1992, most of petitioner's primary accounting and financial functions were performed in California by personnel of the Kaiser Electronics Division of KAEC.[1] The personnel performing the accounting and financial services for petitioner were compensated directly by Kaiser Electronics Division. Petitioner received monthly invoices from Kaiser Electronics Division seeking reimbursement for compensation and benefits Kaiser Electronics Division paid to the accounting staff relative to accounting and financial services for petitioner.

All petitioner's accounting books and records were maintained and kept in California. Kaiser Electronics Division assessed petitioner a use and occupancy charge on a monthly basis for maintaining petitioner's accounting books and records in California. During the tax years in question, sales made by petitioner in California were made to Kaiser Electronics Division and were treated, in effect, as California sales by KAEC

---

[1] With regard to the functions performed by personnel, the parties' stipulated facts state:

> During the tax years in question, the supporting accounting personnel included a senior accountant, an accounts payable staff consisting of approximately five employees, an accounting clerk and the general accounting manager, who spent approximately 50%, 20%, 20% and 10%, respectively, of their employment time with Kaiser Electronics Division performing such functions for and on behalf of Petitioner. Of the five employees on the accounts payable staff, one employee generally devoted all of his or her time to Petitioner's accounts payable matters. The general accounting manager functioned as Petitioner's Controller, and performed all of the duties for Petitioner that a Controller would normally perform. Petitioner did not have its own Controller during the tax years in question.

on its unitary California franchise tax return when Kaiser Electronics Division resold the products and materials purchased from petitioner.

During an audit conducted by respondent at Kaiser Electronics Division's offices in California, respondent determined that sales made by petitioner in California during the 1989 through 1992 tax years should have been included in petitioner's tax base for purposes of Michigan's Single Business Tax (SBT) under the SBT "throwback rule." Following the audit, respondent assessed a total of $64,028 in SBT liability against petitioner.

Petitioner petitioned the Tax Tribunal on the basis of the above-stipulated facts. After applying the Department of Treasury's Revenue Administrative Bulletin (RAB) 1998-1 to the facts, the hearing referee concluded that petitioner had a sufficient nexus with the state of California to preclude respondent from "throwing back" the sales in California to this state for purposes of the SBTA. After respondent filed exceptions to the referee's ruling, the Tax Tribunal adopted the referee's findings and conclusions.

In the absence of fraud, an appellate court's review of a Tax Tribunal decision is confined to determining if the tribunal erred in applying the law or adopting a wrong principle. Any factual findings made by the tribunal are conclusive if supported by competent, material, and substantial evidence on the whole record. *Danse Corp v Madison Hts*, 466 Mich 175, 178; 644 NW2d 721 (2002). However, in the case at bar, the parties stipulated the facts. Where parties agree to submit a case on stipulated facts, courts generally accept those facts as conclusive. *Columbia*

*Assoc, LP v Dep't of Treasury*, 250 Mich App 656, 665; 649 NW2d 760 (2002).

Respondent argues that the hearing referee and the Tax Tribunal erred in concluding that petitioner had a nexus with the state of California because of the accounting and financial services performed for petitioner there. Under the SBTA, a taxpayer whose business is subject to taxation both in Michigan and in another state shall apportion its tax base. MCL 208.41. In order to be able to apportion a tax base under the SBTA, the taxpayer must be subject to taxation in another state under the following criteria:

> [A] taxpayer is taxable in another state if, (a) in that state he is subject to a business privilege tax, a net income tax, a franchise tax measured by net income, a franchise tax for the privilege of doing business or a corporate stock tax, a tax of the type imposed under this act, or (b) that state has jurisdiction to subject the taxpayer to 1 or more of the taxes regardless of whether, in fact, the state does or does not. [MCL 208.42.]

Thus, an examination of petitioner's activities in California is necessary to determine its tax liability under the SBTA, because sales made to customers located in other states where petitioner is not subject to taxation are considered Michigan sales for purposes of petitioner's SBTA tax liability. *Magnetek Controls, Inc v Revenue Div, Dep't of Treasury*, 221 Mich App 400, 404; 562 NW2d 219 (1997). Petitioner need only have been subject to taxation in California; the California tax need not have been actually imposed. *Id.*

The parties do not dispute that California has a form of business tax that would qualify under MCL 208.42. The dispute here is whether petitioner had a sufficient nexus to California to subject it to taxation

there for sales to petitioner's parent corporation in California. The parties agree that it was appropriate for the referee to rely on RAB 1998-1 to decide this question.[2] RAB 1998-1(I)(1), (2), and (6) provide, in part, as follows:

> I. An out-of-state [Michigan] business is subject to Michigan's [California's] single business tax jurisdiction when it engages in any of the following activities:
>
> *    *    *
>
> 1) It has one or more Michigan [California] resident employees conducting business activity in Michigan [California].
> 2) It owns, rents, leases, maintains, or has the right to use and uses tangible personal property or real property that is permanently or temporarily physically located in Michigan [California].
>
> *    *    *
>
> 6) It regularly and systematically conducts in-state business activity through its employees, agents, representatives, independent contractors, brokers or others acting on its behalf, whether or not these individuals or organizations reside in Michigan [California].

In this case, the referee's decision was apparently based on a determination that petitioner's arrangement to lease space and have shared employees in California for its accounting operations was sufficient to establish a nexus with California. Because only one ground need be established under RAB 1998-1 to establish a nexus, if the referee's findings on this issue are

---

[2] RAB 1998-1(II) states that the same standards used to determine nexus for out-of-state taxpayers will be applied to determine whether a taxpayer is taxable in another state for purposes of apportionment under the SBTA.

affirmed, respondent would not be entitled to any relief.

The stipulated facts establish that petitioner leased space, or reimbursed a division of its parent corporation, for purposes of storing its financial books and records in California. In addition, petitioner shared employees with a division of its parent corporation under a similar arrangement and those employees handled all petitioner's accounting and financial functions in California. RAB 1998-1(I)(2) merely requires that a taxpayer maintain or have the right to use either tangible personal property or real property in the other state to establish a nexus there. Because the presence of petitioner's accounts and financial records in California was part of its activity in that state, the use of this space in California was sufficient to establish a nexus with California under RAB 1998-1(I)(2). Respondent has failed to show an error of law by the hearing referee. *Danse, supra.*

Respondent's argument that the location of petitioner's books and records in California is insufficient to establish a nexus with California is without merit. Respondent's reliance on *J C Penney Nat'l Bank v Johnson*, 19 SW3d 831 (Tenn App, 1999), is misplaced because that case is distinguishable. Indeed, we believe that the decision in *J C Penny* actually supports petitioner's position. In *J C Penny, supra* at 840, the court held that the location of up to seventeen thousand credit cards in Tennessee did not establish a nexus with that state; rather, any nexus related to the credit card accounts as property was centered in Delaware, where the accounts for those cards were located. In the case at bar, to the extent that peti-

tioner's accounts are property, they are located in California, not Michigan.

Respondent argues that petitioner is relying only on its parent corporation's presence in California to establish a nexus with that state and cites three decisions from other jurisdictions as support for its position that a nexus cannot be established solely by the presence of an affiliated corporation in the subject state. *Current, Inc v State Bd of Equalization*, 24 Cal App 4th 382; 29 Cal Rptr 2d 407 (1994); *SFA Folio Collections, Inc v Bannon*, 217 Conn 220; 585 A2d 666 (1991); *Bloomingdale's By Mail, Ltd v Commonwealth of Pennsylvania*, 130 Pa Commw 190; 567 A2d 773 (1989). This argument is likewise without merit. We find each of these cases distinguishable from the case at bar because the affiliated corporations in those cases did not have a separate physical presence in the state at issue, but relied solely on their associations with other corporations to establish a nexus. This case is distinguishable because petitioner has shown that it has a separate presence in California based on its accounting and financial activities there.

Similarly, respondent's reliance on *Phillip Morris, Inc v Director of Revenue*, 760 SW2d 888 (Mo, 1988), is misplaced. Respondent argues this case is factually similar to *Phillip Morris* and that this Court should therefore conclude that petitioner's parent corporation was the actual employer of the individuals performing accounting services for petitioner in California. In this case, however, the stipulated facts do not establish that petitioner does not have any right to control the individuals in California. Accordingly, respondent's argument relying on *Phillip Morris* is without merit. Moreover, because the referee based

his decision on RAB 1998-1(I)(2), which does not require the presence of employees in the other state, whether petitioner could be considered the employer of the individuals is not a ground for overturning the referee's decision.

Respondent also argues that the exception found at RAB 1998-1(I)(6)(c) bars petitioner from establishing a nexus with California. That subsection provides as follows: "Lawyers, accountants, investment bankers, and other similar professionals in Michigan [California] who perform services for an out-of-state [Michigan] business in their professional capacity shall not be considered to be conducting in-state business activity on behalf of the out-of-state [Michigan] business." The hearing referee apparently concluded that this exception did not apply because the individuals who were performing the financial activities in question were not a group of licensed professionals providing services to the public, as contemplated by the exception.

The exception in RAB 1998-1(I)(6)(c) lists certain professionals who perform work in a professional capacity, to be distinguished from employees, agents, or others working on behalf of a taxpayer in another state. This exception appears to be aimed at barring a taxpayer from establishing a nexus with another state simply by retaining legal counsel or an accountant in that state. That clearly is not the situation in this case. Thus, the hearing referee did not err in failing to find that this exception was not applicable.

Respondent's argument regarding RAB 1998-1(I)(4) need not be addressed because it is clear that the referee did not rely on that subsection as a basis for his decision.

Respondent further contends that the accounting and financial duties that were performed in California do not qualify as "business activity" for purposes of the SBTA or the Commerce Clause of the federal constitution, US Const, art I, § 8.[3] Although the hearing referee relied on RAB 1998-1(I)(2), which does not specifically require that a taxpayer engage in "business activity" in the other state, we will briefly address respondent's argument because it appears that the hearing referee believed it was clear that petitioner was engaged in business activity in California sufficient to establish a nexus there under RAB 1998-1.

Under the Commerce Clause of the United States Constitution, a state has the power to compel a business to comply with its tax laws where the tax applies to an activity that has a substantial nexus with that state. *Magnetek, supra* at 406, following *Complete Auto Transit, Inc v Brady,* 430 US 274, 279; 97 S Ct 1076; 51 L Ed 2d 326 (1977).

> Faced with a commerce clause challenge, courts will sustain a tax so long as it: (1) is applied to an activity which has a substantial nexus with the taxing state, (2) is fairly apportioned, (3) does not discriminate against interstate commerce, and (4) is fairly related to services provided by the taxing state. [*Guardian Industries Corp v Dep't of Treasury,* 198 Mich App 363, 376; 499 NW2d 349 (1993), following *Complete Auto Transit, supra* at 285.]

In this case, the parties only address whether the facts satisfy the "substantial nexus" element. In *Magnetek, supra* at 408, this Court noted that, under *Quill Corp v North Dakota,* 504 US 298, 315; 112 S Ct

---

[3] While respondent refers to the Due Process Clause, it appears to base its argument primarily on the Commerce Clause.

1904; 119 L Ed 2d 91 (1992), the substantial nexus requirement would be satisfied by "the presence in the taxing State of a small sales force, plant, or office." Alternatively, under *In re Orvis Co, Inc v Tax Appeals Tribunal of the State of New York*, 86 NY2d 165; 654 NE2d 954 (1995), the conduct of economic activities in the taxing state performed by either the taxpayer's personnel or others on its behalf, can satisfy the test for a substantial nexus. *Magnetek, supra* at 411-412.

A substantial nexus was shown in this case on the basis of petitioner's occupancy of space in California to perform its accounting functions. By having the staff in California perform accounting services for it, petitioner was deriving an economic benefit from its presence in California. *Id.* at 412. Petitioner also established that it had a sufficient physical presence in California to establish a substantial nexus with that state. *Id.* at 408.[4]

In conclusion, the Tax Tribunal properly determined that petitioner had a sufficient nexus with the state of California under RAB 1998-1. Therefore, we find no error with the tribunal's decision that respondent was precluded from exercising a "throwback" to Michigan and had improperly assessed petitioner under the SBTA for sales made by petitioner to its parent corporation in California during the tax years in question.

Affirmed.

---

[4] Similarly, petitioner's presence in California may have qualified as "business activity" under the definition of that term in MCL 208.3(2) because, as defined in that statute, "business activity" is not limited to sales.