SCHWASS v RIVERTON TOWNSHIP

Docket No. 292737. Submitted September 9, 2010, at Lansing. Decided September 30, 2010, at 9:05 a.m.

Roy and Susan Hackert and Theodore and Joan Schwass petitioned the Michigan Tax Tribunal after Riverton Township reassessed parcels of real property they owned and raised the taxable value of the property beginning with tax year 2006, following conveyances by deed of the property from two partnerships to petitioners. Roy Hackert and Theodore Schwass were the only partners of the partnerships. Respondent had raised the taxable value of the property pursuant to MCL 211.27a(3), which allows taxing bodies to reassess a property's taxable value upon the sale or transfer of the property according to the following year's state equalized value, a process commonly called "uncapping." The Tax Tribunal affirmed the reassessment, concluding that the conveyances were not within one of the exceptions to uncapping identified in MCL 211.27a(7). Petitioners appealed.

The Court of Appeals *held*:

Uncapping occurs when a transfer of ownership occurs. MCL 211.27a(6) lists several types of conveyances that qualify as a transfer of ownership, including a conveyance by deed. Certain types of conveyances are excepted and do not give rise to uncapping, including a joint tenancy exception set forth in MCL 211.27a(7)(h). Asserting that tenancies in partnership such as those involved in each conveyance here are functionally equivalent to joint tenancies, petitioners argued that the joint tenancy exception applied and prohibited uncapping. Conveyances by deed involving tenancies in partnership are not included in the exceptions, however, and the Legislature did not include tenancies in partnership when it used the term "joint tenancy" in the exception provided by MCL 211.27a(7)(h). Thus the joint tenancy exception did not apply.

Affirmed.

TAXATION — PROPERTY TAX — TAXABLE VALUE — TRANSFER OF PROPERTY — UNCAPPING — TENANCIES IN PARTNERSHIP.

MCL 211.27a(3) provides that the taxable value of real property is reassessed upon the sale or transfer of the property according to

the following year's state equalized value, a process called "uncapping"; under MCL 211.27a(7), certain types of conveyances are excepted and do not give rise to uncapping, but conveyances by deed involving tenancies in partnership are not among them.

*Mark A. Pehrson, P.C.* (by *Mark A. Pehrson*), for petitioners.

Before: BORRELLO, P.J., and JANSEN and BANDSTRA, JJ.

PER CURIAM. Petitioners appeal by right an order of the Michigan Tax Tribunal (MTT) affirming respondent's assessment of their real property. We affirm. This appeal has been decided without oral argument. MCR 7.214(E).

Petitioners are two husband-and-wife couples, Roy and Susan Hackert and Theodore and Joan Schwass. All the real estate at issue was owned by two partnerships, Tero Farms and KaJo Farms, of which Roy Hackert and Theodore Schwass were the only partners. The partnerships deeded the real estate parcels to one or the other of the individual partners and their respective spouses. Following these conveyances, respondent reassessed the parcels and raised the taxable values of the property beginning with tax year 2006. Petitioners asserted that the conveyance of property from the partnerships to the individual partners was not a transfer that would operate to remove the cap on the property's taxable values. The MTT initially adopted the hearing referee's proposed opinion in its final order affirming the assessment. However, after petitioners filed their claim of appeal in this Court, the MTT issued a "Corrected Final Opinion and Judgment" in which it concluded that the hearing referee's statutory basis for deciding the matter was erroneous, but that the error was harmless because the conveyances were not within

one of the identified exceptions to uncapping.[1] The MTT therefore affirmed the result that petitioners' property was subject to uncapping unless an affidavit was filed stating that the property was qualified agricultural property.

We review de novo legal questions decided by the MTT. See *Cowles v Bank West*, 476 Mich 1, 13; 719 NW2d 94 (2006); see also *Blaser v East Bay Twp*, 242 Mich App 249, 252; 617 NW2d 742 (2000). Statutory interpretation is a question of law subject to de novo review. *Detroit v Ambassador Bridge Co*, 481 Mich 29, 35; 748 NW2d 221 (2008).

The Michigan Constitution and Michigan statutory law permit the taxable value of real property to be reassessed upon the sale or transfer of the property according to the following year's state equalized value. Const 1963, art 9, § 3; MCL 211.27a(3); *Signature Villas, LLC v Ann Arbor*, 269 Mich App 694, 696-697; 714 NW2d 392 (2006). This is known as "uncapping" the taxable value. *Id.* at 697. Uncapping occurs whenever a "transfer of ownership" occurs. MCL 211.27a(3). "[T]ransfer of ownership" is "the conveyance of title to or a present interest in property, including the beneficial use of the property, the value of which is substantially equal to the value of the fee interest." MCL 211.27a(6). The statute lists several types of conveyances that qualify as a "transfer of ownership," including "[a] conveyance by deed." MCL 211.27a(6)(a). The statute also lists certain types of conveyances that are excepted from this definition and do not give rise to uncapping. MCL 211.27a(7).

---

[1] Because the incorrect statutory basis of the original final order has been vacated, we need not address petitioners' argument that the decision contained erroneous legal reasoning.

In the instant case, the property was conveyed by deed. Accordingly, the conveyance was a "transfer of ownership" under MCL 211.27a(6)(a) unless one of the exceptions of MCL 211.27a(7) was applicable. Before the property was conveyed, it was owned by a partnership. Under Michigan law, "[a] partner is a co-owner with his partners of specific partnership property holding as a tenant in partnership[.]" MCL 449.25(1). Petitioners assert that there is no functional difference between a tenancy in partnership, which existed here, and a joint tenancy. Accordingly, they contend that the joint tenancy exception set out in MCL 211.27a(7)(h) should control and the taxable value should not be uncapped.

We disagree. The statutory scheme unambiguously identifies the types of conveyances that do not trigger uncapping, and conveyances involving tenancies in partnership are not among those listed. See MCL 211.27a(7). Nor can we assume that the Legislature intended to include tenancies in partnership when it used the term "joint tenancy" in the exception provided by MCL 211.27a(7)(h). In *Wengel v Wengel*, 270 Mich App 86, 93; 714 NW2d 371 (2006), this Court identified the five types of coownership in this state, listing joint tenancies and tenancies in partnership separately: "In Michigan, there are five common types or forms of concurrent ownership that are recognized relative to the ownership of real property, and those are tenancies in common, joint tenancies, joint tenancies with full rights of survivorship, tenancies by the entireties, and tenancies in partnership." Although joint tenancies and tenancies in partnership are similar, they remain legally distinct forms of ownership, and the Uniform Partnership Act does not identify property held by a partnership as property held in "joint tenancy." Moreover, because MCL 449.25 was enacted by 1917 PA 72, long

before the process of uncapping was devised by the Legislature, it cannot be said that the Legislature was unaware of tenancies in partnership at the time it amended MCL 211.27a(7) in 1994 to provide for uncapping. See 1994 PA 415. Petitioners essentially ask this Court to make a policy decision, an argument more properly addressed to the Legislature. It is well settled that "questions of Michigan tax policy are determined by the Legislature, not the courts." *TMW Enterprises Inc v Dep't of Treasury*, 285 Mich App 167, 180; 775 NW2d 342 (2009).

Affirmed. No taxable costs pursuant to MCR 7.219, a public question having been involved.