TOLL NORTHVILLE LIMITED PARTNERSHIP v NORTHVILLE
TOWNSHIP (ON REMAND)

Docket No. 301043. Submitted July 26, 2012, at Lansing. Decided
September 25, 2012, at 9:00 a.m.

Toll Northville Limited Partnership (Toll) installed road access,
streetlights, sidewalks, and utility services for a residential devel-
opment project in Northville Township owned by Biltmore Wine-
man LLC (Biltmore). Because of the improvements, the township
increased the tax assessments on the property pursuant to MCL
211.34d(1)(b)(*viii*), which defined public-service improvements as
additions for which a property's taxable value may be adjusted
under Proposal A. Toll and Biltmore did not timely challenge the
increase in 2000, but did contest the assessments in the Tax
Tribunal the next year after the property was divided into smaller
parcels. Toll and Biltmore also brought an action for a declaratory
judgment against the township in the Wayne Circuit Court,
challenging the validity of MCL 211.34d(1)(b)(*viii*). The court,
John A. Murphy, J., ruled that MCL 211.34d(1)(b)(*viii*) was uncon-
stitutional. The Court of Appeals, WHITBECK, C.J., and HOEKSTRA
and WILDER, JJ., affirmed this ruling, 272 Mich App 352 (2006), as
did the Supreme Court, 480 Mich 6 (2008). In the Tax Tribunal
proceeding, which had been stayed pending the declaratory-
judgment action, Toll and Biltmore argued that in light of the
Supreme Court's ruling, the value of the public-service improve-
ments had to be removed from the assessments. The Tax Tribunal
concluded that it lacked jurisdiction to amend the taxable value of
the original parcel, which had been assessed in a year not under
appeal, but nevertheless amended the taxable values of the divided
properties to exclude the value of the public-service improvements
in order to conform to the Supreme Court's decision. The township
appealed. After consolidating the case with two others, the Court
of Appeals, MARKEY, P.J., and FITZGERALD and SHAPIRO, JJ., reversed
the Tax Tribunal's order, holding that because the tribunal lacked
jurisdiction to review a previous year's taxable value for purposes
of determining a timely appealed current year's taxable value, the
tribunal had erred by amending the values. The Court of Appeals
ordered the Tax Tribunal to affirm the subject properties' taxable
values as originally assessed by the township, including the

unconstitutional additions for public-service improvements. *MJC/Lotus Group v Brownstown Twp*, 293 Mich App 1 (2011). The Supreme Court granted Toll and Biltmore's application for leave to appeal, limited to whether the Tax Tribunal had jurisdiction to reduce an unconstitutional increase in the taxable value of property if the improperly increased taxable value was not challenged in the year of the increase. 490 Mich 877 (2011). The Supreme Court held that once the tribunal's jurisdiction is properly invoked, it has the authority to adjust an erroneously assessed taxable value in a subsequent year in order to bring the current tax rolls into compliance with the General Property Tax Act, MCL 211.1 *et seq.*, reversing the judgment of the Court of Appeals. *Mich Props, LLC v Meridian Twp*, 491 Mich 518 (2012). The Supreme Court remanded the case to the Court of Appeals for consideration of the township's remaining issues on appeal regarding the tribunal's valuation of the subject properties.

On remand, the Court of Appeals *held*:

When parties agree to submit a case on stipulated facts, courts generally accept those facts as conclusive. In this case, the parties had stipulated to the cash values of the properties, but the tribunal's valuation of the properties did not comport with the parties' stipulation. The case had to be remanded for correction of the error.

Reversed and remanded.

TAXATION — REAL PROPERTY — TAXABLE VALUE — EVIDENCE — STIPULATED FACTS.

When parties agree to submit a case on stipulated facts, courts generally accept those facts as conclusive.

*Hoffert & Associates, P.C.* (by *Myles B. Hoffert* and *David B. Marmon*), for Toll Northville Limited Partnership and Biltmore Wineman LLC.

*Hafeli Staran Hallahan & Christ, P.C.* (by *Laura M. Hallahan* and *Amy K. Driscoll*), and *Rose & Abramson, P.C.* (by *Nevin A. Rose*), for Northville Township.

Amici Curiae:

*Bauckham, Sparks, Lohrstorfer, Thall & Seeber, P.C.* (by *Robert E. Thall*), for the Michigan Townships Association.

*McClelland & Anderson, L.L.P.* (by *Gregory L. McClelland* and *Melissa A. Hagen*), for the Michigan Association of Realtors and the Michigan Association of Home Builders.

ON REMAND

Before: MARKEY, P.J., and FITZGERALD and SHAPIRO, JJ.

PER CURIAM. This case returns from our Supreme Court for consideration of an issue that was not addressed when the case was previously before this Court. Respondent, Northville Township (Northville), appeals as of right Tax Tribunal member Victoria L. Enyart's October 19, 2010, opinion and judgment, which adjusted the taxable values of properties owned by petitioners Toll Northville Limited Partnership (Toll) and Biltmore Wineman, LLC (Biltmore) for the 2001 and 2002 tax years.

Our Supreme Court set forth the relevant facts in this case, which it decided as a companion case to *Mich Props, LLC v Meridian Twp*, 491 Mich 518; 817 NW2d 548 (2012):

> The underlying factual basis for the dispute between Toll Northville Limited Partnership and Northville Township began in 2000 when Toll, a residential developer, installed public-service improvements to a "parent" parcel that was to be divided into residential "child" parcels. The value of the public-service improvements, which were legally defined as "additions" pursuant to MCL 211.34d(1)(b)(*viii*), was included in the taxable value for the parent parcel for tax year 2000, thereby substantially increasing the taxable value of Toll's property. Toll did not timely challenge the increase in taxable value for tax year 2000, and the parent parcel was divided into child parcels by tax year 2001. For 2001, the assessor proportionately split the addition to the taxable values among the resulting

child parcels, so that each child parcel carried its portion of the addition of the value of the public-service improvements to the taxable value that had previously been assessed to the parent parcel.

Toll timely appealed the taxable values of the child parcels for tax year 2001 in the Tax Tribunal. Also, Toll filed a declaratory action in the circuit court to have MCL 211.34d(1)(b)(*viii*), the basis for including public-service improvements as "additions," declared unconstitutional. The Tax Tribunal held Toll's tribunal case in abeyance pending the outcome of the circuit court action. Toll was successful in its circuit court action, culminating in an opinion from this Court that unanimously declared MCL 211.34d(1)(b)(*viii*) unconstitutional.

Following this Court's decision, the Tax Tribunal proceedings were reopened. The tribunal concluded that it lacked jurisdiction to amend the taxable value of the parent parcel for tax year 2000 because that value was not timely appealed. However, the tribunal prospectively amended the taxable value of the properties at issue to conform to this Court's decision. Thus, the tribunal removed the value of the public-service improvement additions from the parcels' taxable values for tax year 2001 and subsequent years. [*Mich Props,* 491 Mich at 538-539.]

Northville appealed, arguing that the Tax Tribunal had erred as a matter of law by reviewing the accuracy of the 2000 taxable-value determinations and by reducing the 2001 taxable values by the amount of the public-service additions. Northville also contended that the Tax Tribunal had lacked jurisdiction to alter the 2000 taxable values and alleged error based on principles of collateral estoppel, res judicata, and the law of the case. Lastly, Northville argued that the Tax Tribunal had erred by ignoring a stipulation of the parties regarding the true cash values of the parcels. This Court consolidated this appeal with appeals in *MJC/Lotus Group v Brownstown Township* (Docket No. 295732) and *CW Development LLC/Meadow Walk v*

*Grand Blanc Township* (Docket No. 296499). *Toll Northville Ltd Partnership v Northville Twp*, unpublished order of the Court of Appeals, entered February 9, 2011 (Docket No. 301043).

On May 31, 2011, this Court issued a published opinion reversing the Tax Tribunal's decision and holding that the Tax Tribunal did not have authority to indirectly review and revise a previous year's taxable value for purposes of determining a timely appealed current year's taxable value. *MJC/Lotus Group v Brownstown Twp*, 293 Mich App 1, 5; 809 NW2d 605 (2011), rev'd *Mich Props*, 491 Mich 518. We ordered the Tax Tribunal to affirm the subject properties' taxable values as originally assessed by Northville. *MJC/Lotus Group*, 293 Mich App at 16.

Toll and Biltmore sought leave to appeal in our Supreme Court. The Court granted leave, "limited to the issue whether the Court of Appeals correctly held that the Michigan Tax Tribunal had no jurisdiction to reduce an unconstitutional increase in the taxable value of property if the improperly increased taxable value was not challenged in the year of the increase." *Toll Northville Ltd Partnership v Northville Twp*, 490 Mich 877 (2011).

On June 14, 2012, the Supreme Court reversed this Court's decision, holding that the Tax Tribunal has the authority and the duty to correct errors in previous years' taxable values:

> In *Toll Northville*, we hold that the Tax Tribunal does have the authority to reduce an unconstitutional previous increase in taxable value for purposes of adjusting a taxable value that was timely challenged in a subsequent year. The Tax Tribunal Act sets forth the Tax Tribunal's jurisdiction. Once its jurisdiction is properly invoked, the Tax Tribunal possesses the same powers and duties assigned to a March board of review under the [General Property Tax Act (GPTA), MCL 211.1 *et seq.*], including the duty to adjust erroneous

taxable values to bring the current tax rolls into compliance with the GPTA. [*Mich Props*, 491 Mich at 545-546.]

The Supreme Court remanded the case for this Court to consider "Northville's alternative argument that the adjusted valuation set by the Tax Tribunal did not comport with a stipulation by the parties regarding the valuation." *Id.* at 540 n 39.[1]

Northville argues that the Tax Tribunal erred in its calculation of many of the properties' taxable values because it failed to account for the values of new construction additions made to 58 of the 353 lots in 2000. Northville relies on a stipulation by the parties regarding the values of the additions. Northville also maintains that the addendum to the Tax Tribunal's opinion and judgment reflects only nine additions, and five of the values ascribed to those additions are not the values to which the parties stipulated. Northville argues that these errors in the computation of the 2001

---

[1] We interpret the scope of this remand to include only the fourth issue raised on appeal by Northville, which alleges error in the calculation of taxable values because of the tribunal's failure to account for values to which the parties had stipulated. The Supreme Court directed this Court to consider "the Tax Tribunal's valuation of the subject properties." *Mich Props*, 491 Mich at 546. Although Northville states its other issues in terms of valuation, those issues advance questions of law, i.e., collateral estoppel, res judicata, and law of the case. We note our Supreme Court's rejection of Northville's reliance on *Leahy v Orion Twp*, 269 Mich App 527; 711 NW2d 438 (2006) to support its collateral-estoppel claim, *Mich Props*, 491 Mich at 533 n 18, and Northville cites *Leahy* in support of its res judicata and law-of-the-case arguments as well. Moreover, the Supreme Court has held as a matter of law that the Tax Tribunal not only has "the authority to reduce an unconstitutional previous increase in taxable value for purposes of adjusting a taxable value that was timely challenged in a subsequent year," but also that the tribunal has a *duty* to do so. *Id.* at 545-546. The related concepts of collateral estoppel and res judicata, as well as the law-of-the-case doctrine, do not apply where, as here, our Supreme Court has recognized an affirmative duty to correct a previous determination of taxable values that later proves to be incorrect.

taxable values caused inaccuracies in the calculation of the 2002 taxable values as well.

Whether the Tax Tribunal disregarded a clear and unambiguous factual stipulation by the parties is a legal question, see *In re Nestorovski Estate*, 283 Mich App 177, 183; 769 NW2d 720 (2009), which this Court reviews de novo. *Schwass v Riverton Twp*, 290 Mich App 220, 222; 800 NW2d 758 (2010). "Where parties agree to submit a case on stipulated facts, courts generally accept those facts as conclusive." *Kaiser Optical Systems, Inc v Dep't of Treasury*, 254 Mich App 517, 520; 657 NW2d 813 (2002).

On the last day of the hearing, the parties informed the tribunal that they had stipulated to the cash values of the properties:

> *Ms. [Laura M.] Hallahan [counsel for Northville]:* I think if we can go through some preliminary matters on a couple items, the parties have stipulated to the true cash value of every parcel under appeal in this matter and we will be filing a stipulation. I think the only issues remaining for this Tribunal to decide is whether the taxable value was properly calculated during the splits and combination of the parcels and whether the TV added for public service improvements in a year not under appeal should now be removed for the years that are under appeal. We've gone through and stipulated to most of the exhibits that will be introduced here today. . . . [W]e'll just go through them and I'll identify each one.
>
> \* \* \*
>
> . . . R-14 is the summary of the individual residential parcels, the parent-child split and tax year 2000-2001 taxable values. R-16 is the summary of the individual residential parcels for tax year 2001 and '02 taxable values. . . .
>
> \* \* \*

. . . All those documents or all those exhibits have been stipulated to.

*Mr. [David B.] Marmon [counsel for Toll and Biltmore]*: That's correct. We stipulate to their admission.

*Judge Enyart*: All right.

The register of actions indicates that a stipulation was filed after the hearing.

The Tax Tribunal's addendum to its opinion and judgment charts the relevant values for each parcel in the years 2001 and 2002. In the "2001 ADDITIONS" column, the values of additions are provided for only nine parcels. The column listing the 2001 additions in exhibit 14 includes values for more than 50 parcels. Additionally, five of the nine values of "2001 ADDITIONS" in the addendum are not consistent with the values in exhibit 14 to which the parties stipulated. For example, the tribunal's addendum indicates a value of $287,600 for the 2001 additions to parcel no. 77-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-000. Northville's exhibit 14 indicates that the value is $13,600. The addendum lists the value of 2001 additions to parcel no. 77-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-000 as zero, but exhibit 14 shows the value as $13,600. The 2001 additions to parcel no. 77-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-000 were valued at $13,600 in the tribunal's addendum, but at zero according to exhibit 14. The addendum shows the value of additions for parcel no. 77-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-000 as $13,600, contrary to the value of $22,700 listed on exhibit 14 for that parcel. The 2001 additions to parcel no. 77-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-00 are valued at $328,900 on the addendum, but at zero on exhibit 14.

Toll and Biltmore do not dispute Northville's challenge to the valuations of the properties on the basis that the Tax Tribunal failed to honor the parties' stipulation.[2] And we presume that the omission of the

---

[2] Toll and Biltmore did not address this issue in their brief on appeal.

stipulated values from the addendum to the opinion and judgment was inadvertent. There is no indication in the record that the tribunal rejected the parties' stipulation. To the contrary, Judge Enyart was agreeable to the stipulation at the hearing and she referred to it in her opinion. Regardless of the reason for the omission, the tribunal's valuation of the properties does not comport with the parties' stipulation. Therefore, we reverse and remand for correction of this error.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

MARKEY, P.J., and FITZGERALD and SHAPIRO, JJ., concurred.