1. TAXATION—PETITION TO SELL PROPERTY—PRESUMPTIONS.
   The taxes specified in the auditor general's petition for the sale of property for nonpayment of taxes are presumed to be legal and decree is to be made therefor unless the contrary is proved, only that part being set aside which is found illegal (CL 1948, § 211.66).

2. SAME—CORRECTION OF ERRORS OF ASSESSMENT—PRESUMPTION OF VALIDITY.
   Correction of errors in assessment of valuation of property for taxes is for the board of review of the township and after that function has been performed it is to be conclusively presumed to be valid by all courts and tribunals (CL 1948, §§ 211.29, 211.31).

3. SAME—CORRECTION OF ERRORS IN ASSESSMENT—STATUTES.
   The failure to act to correct assessments and evaluations by the board of review in the manner as provided by statute pre-

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation §§ 655, 1252.
[2] 51 Am Jur, Taxation § 770.
[2, 3] 51 Am Jur, Taxation § 765.
[4] 51 Am Jur, Taxation § 769.

cludes later attack upon the assessment (CL 1948, §§ 211.29, 211.31, 211.76).

4. SAME—SALE OF LAND FOR DELINQUENT TAXES—CORRECTION OF ERRORS.

A circuit court which denied the petition of the auditor general for the sale of a specified parcel of land for the entire amount of taxes which had been assessed for the year for nonpayment of which the land was put up for sale was in error, where, notwithstanding there had been an excessive valuation, the statutory procedure for correction of the error had not been pursued by the predecessor in title (CL 1948, §§ 211.29–211.33, 211.66, 211.76).

5. COSTS—PUBLIC QUESTION—SALE OF LAND FOR NONPAYMENT OF TAXES.

No costs are allowed on auditor general's appeal from decree denying his right to sell the property for the entire sum levied for the year, a public question being involved (CL 1948, §§ 211.29–211.33, 211.66, 211.76).

Appeal from Muskegon; Beers (Henry L.), J. Submitted January 15, 1958. (Docket No. 56, Calendar No. 47,359.) Decided March 4, 1958.

Petition by Frank S. Szymanski, Auditor General of the State of Michigan, for the sale of lands because of delinquent taxes. Objection by Louis Smith as to particular parcel by reason of erroneous and excessive assessment. Decree reducing tax on sale. Plaintiff appeals. Reversed and remanded.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Maxine Boord Virtue,* Assistant Attorney General, *Robert A. Cavanaugh,* Prosecuting Attorney, Muskegon County, and *John J. Namenye,* Assistant Prosecuting Attorney, for plaintiff.

*Leo L. Linck,* for defendant.

KELLY, J. Appellee's objection to the petition of the auditor general for the sale of a lot in Muskegon

county, Michigan, for taxes assessed thereon was sustained by the trial court. The court in sustaining said objection stated:

"The tax for the year of 1954 was assessed on an erroneous valuation of $850, where a true valuation in the year 1954, (was) and still continues to be the sum of $100, and that the 1954 taxes and penalties against said above described premises be in the amount of $5.16, representing the amount due and owing on a basis of the valuation of $100 comparable to other similar vacant lots in said subdivision."

The auditor general appeals from the decision of the trial court.

The question is whether appellee, who acquired title in 1956 through a tax sale, is precluded from contesting the 1954 assessment that his predecessor in title failed to object to, or failed to claim was erroneous or based upon an unfair assessed valuation.

The facts governing this appeal are set forth in a stipulation signed by appellant and appellee, and are to the effect that the amount claimed by the auditor general to be due and owing for the year 1954 on such property is the sum of $63.52 ($50.22 plus penalties of $13.30). The property is a vacant lot, which was assessed at $850 for the year 1954, but at $100 for the year 1957. Appellee went before the board of review for the township of Egelston during its 1957 session, when it was stated by said board that the valuation of $850 for 1954 was excessive, for the reason that valuations placed on other similar vacant lots in the township were at $100, and said board set valuations for 1957 at $100.

Appellee bid in the premises involved at the annual tax sale for Muskegon county on May 3, 1955, for the 1952 taxes, amounting to $38.50 with interest and charges, and was issued certificate #1192 and

auditor general's tax deed in accordance with application #3253, on May 17, 1956. The premises were not redeemed prior to May 1, 1956, the first Tuesday in May, 1956, and went to sale for the 1953 taxes, interest and charges, at which sale the appellee herein bid in the same for the sum of $62.16 and was issued Muskegon county certificate # 1409 which has been forwarded to the auditor general's office for a tax deed.

In March, 1957, the appellee first appeared before the board of review of the township of Egelston for the purpose of having the 1957 valuation placed on a basis equal to that of other vacant lots in the subdivision. It was at this time the matter of the 1954 valuation was first brought to the attention of the 1957 board of review, which board admitted that the valuation of $850 for the year 1954 was excessive, as was the same valuation for the years 1955 and 1956. The 1957 board of review indicated, however, that under the statute (CL 1948 and CLS 1956, §§ 211.28–211.33, inclusive [Stat Ann 1950 Rev and Stat Ann 1955 Cum Supp §§ 7.28–7.33, inclusive]) it could do nothing about the valuation for any year prior to 1957.

Appellee redeemed the 1954 taxes in pursuance of the decree of April 19, 1957, for the sum of $7.09, made up of the following: Tax $5.91; interest $.77; collection fee $.24; expense $.17, that being the correct charge on a basis of $100 valuation (and not $5.16 as indicated in the decree). Appellee was issued receipt #24630 from the Muskegon county treasurer's office.

During 1954 neither the appellee herein nor his predecessor in title, the record owner of said property in the year 1954 when said assessed valuation of $850 was placed on the property, appeared before the board of review of the township of Egelston to object to such valuation.

This stipulation, together with the objections of the appellee and the decree of the court, constitute the settled record in this case.

CL 1948, § 211.66 (Stat Ann 1950 Rev § 7.111) provides:

"The court  *  *  *  shall examine, consider and determine the matters therein stated and objections made, in a summary manner without other pleadings, and make final decree thereon as the right of the case may be. The taxes specified in the petition shall be presumed to be legal and a decree be made therefor unless the contrary is proved.  *  *  *  If any tax shall be found illegal, such part shall be set aside and the remaining tax shall be decreed valid."

PA 1893, No 206, § 29, as amended (CLS 1956, § 211.29; [Stat Ann 1950 Rev § 7.29]) provides for the correction of errors in assessment of valuation by the board of review of each township, and states, in part, as follows:

"On the Tuesday next following the first Monday in March, the board of review of each township shall meet at the office of the supervisor, at which time the supervisor shall submit to said board the assessment roll for the current year, as prepared by him, and the said board shall proceed to examine and review the same;  *  *  :*  they shall correct all errors in  *  *  *  the assessment and valuation of property thereon."

The statute further provides for the completion of such assessment roll, after examination and correction of errors by the board of review, and that "Upon the completion of said roll and its indorsement in manner aforesaid, the same shall be conclusively presumed by all courts and tribunals to be valid." CL 1948, § 211.31 (Stat Ann 1950 Rev § 7.31).

It is the position of the attorney general and the

auditor general that the matter of valuation of property is not properly a subject for objection to a tax sale, and they quote PA 1893, No 206, § 76, as amended, which provides:

"In any suit or proceeding to enforce or set aside any tax before sale, such tax shall be held illegal only for 1 of the following reasons:

"First, That no law authorizes such tax;

"Second, That the person or persons appointed to decide whether a tax shall be raised under a given law, have acted without jurisdiction, or have not imposed the tax in question;

"Third, That the person or property assessed was exempt from the taxation in question or was not legally assessed;

"Fourth, That the tax has been paid;

"Fifth, That the supervisor or board of review in assessing a person or property for taxation, or in the apportionment of the tax to the person or property in question acted fraudulently.

"If any such illegality, omission or fraud affects the amount of 1 tax only, the tax shall be sustained so far as the same is legal and just." CL 1948, § 211.76 (Stat Ann 1950 Rev § 7.122).

Appellee does not charge fraud, as is disclosed by his following statement:

"The Egelston township assessor together with the board of review committed the error. This went unchallenged by the predecessor in title, the only one who had a right and consequent duty to appear before the board of review in 1954. We are concerned only with the year 1954 in this case. The excessive valuation is admitted and stipulated to. We need not inquire further. The objector purchased the premises at tax sale with no specific valuation in mind other than that the law allows him the indulgence of assuming that the assessment was made on the true cash value and was uniform."

Appellee contends that he derived nothing from his predecessor and that there is a lack of privity with his predecessor. It is difficult to understand why appellee claims that because his predecessor lost title by defaulting on taxes that were excessive he is entitled to receive the amount by which his predecessor was overassessed.

Failure to act to correct assessments and evaluations by the board of review in the manner as provided by statute precludes later attack upon the assessment. See *First National Bank of St. Joseph* v. *St. Joseph Township,* 46 Mich 526; *Peninsula Iron & Lumber Co.* v. *Crystal Falls Township,* 60 Mich 510; *Township of Caledonia* v. *Rose,* 94 Mich 216; *Petoskey & Bay Shore Gas Co.* v. *City of Petoskey,* 162 Mich 447; *Fletcher Paper Co.* v. *City of Alpena,* 172 Mich 35; *Bean* v. *State Land Office Board,* 335 Mich 165.

In *Hamilton* v. *Ames,* 74 Mich 298, this Court dealt with a case where one chargeable with payment of taxes made no complaint about the taxes assessed and held that a successor to such person could not be later heard to complain about such assessment.

Insofar as the decree of the circuit court denied the petition of the auditor general for the sale of lot 185 of Robert's Wolf Lake Subdivision, Egelston township, Muskegon county, Michigan, it is reversed and the cause is remanded to the circuit court for entry of a supplemental decree in accordance with this opinion. No costs, a public question being involved.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.