MICHIGAN PROPERTIES, LLC v MERIDIAN TOWNSHIP

Docket Nos. 289174, 289175, and 289176. Submitted June 9, 2010, at Lansing. Decided April 5, 2011, at 9:00 a.m. Amended, 292 Mich App 801. Reversed, 491 Mich 518.

Michigan Properties, LLC, filed a petition in the Tax Tribunal, appealing increases in the 2007 taxable value of several parcels of property that were based on transfers of the ownership of the parcels in 2004. Although petitioner had timely filed property transfer affidavits notifying Meridian Township of the transfers, the township failed to adjust the 2005 taxable value of the parcels to their 2005 state equalized valuation (SEV), a process known as uncapping, which was permitted under the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, and the Michigan Constitution. The township then notified petitioner in 2006 that it would receive revised tax bills reflecting adjusted taxable values, although it took no action, and in petitioner's appeal to the tribunal at that time, the parties had agreed to consent judgments, stipulating that the 2005 taxable values would be returned to their pretransfer rates and that the 2006 taxable values would not be adjusted. In the appeal of the 2007 increases in taxable value, petitioner argued that under MCL 211.27a respondent could only uncap the taxable value in the year immediately following the transfer, but the tribunal disagreed and allowed the township to uncap the 2007 assessments. Petitioner appealed.

The Court of Appeals *held*:

MCL 211.27a(2) provides that a property's taxable value is the lesser of (1) the property's taxable value in the immediately preceding year minus any losses, multiplied by the lesser of 1.05 or the inflation rate, plus all additions or (2) the property's current SEV. This formula applies unless the property was transferred in the previous year, in which case MCL 211.27a(3) provides that the property's taxable value for the calendar year following the year of the transfer is the property's SEV for the calendar year following the transfer. Because no property transfer occurred in 2006, MCL 211.27a(3) did not apply and the 2007 taxable values could be adjusted only by the formula provided by MCL 211.27a(2).

Reversed and remanded.

*Honigman Miller Schwartz and Cohn LLP* (by *Michael B. Shapiro* and *Jason Conti*) for petitioner.

*The Hubbard Law Firm, P.C.* (by *Peter A. Teholiz*), for respondent.

Before: FORT HOOD, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM. In this property tax action, petitioner appeals as of right three orders of the Michigan Tax Tribunal (MTT) granting summary disposition to respondent and setting the taxable value of certain transferred properties. We reverse.

The facts of this case are not in dispute. Petitioner is the taxpayer for several parcels of real estate for which ownership was transferred in December 2004. Under the Michigan Constitution and applicable property tax statutes, a transfer of ownership allows the taxable value of a parcel of real estate, normally allowed to increase no more than five percent a year, to be set at the state equalized valuation (SEV) for the next tax year. This is referred to by the parties as "uncapping." It is triggered by the owner's filing a property transfer affidavit, which notifies the assessor of the transfer. MCL 211.27a(3). In this case, property transfer affidavits were timely filed in January 2005, but respondent failed to uncap the taxable values of the property for the 2005 tax year. In October 2006, respondent sent petitioner letters stating that the taxable values should have been uncapped for 2005 and that petitioner would be getting revised tax bills for 2005. The letters also stated that the 2006 taxable values would be adjusted by the December board of review. However, the December board of review took no action.

Petitioner appealed in the MTT, arguing that respondent had unlawfully uncapped the 2005 value. The parties agreed to consent judgments in February 2007 in which they stipulated that the 2005 taxable values of the parcels would be returned to their pretransfer rates and that the 2006 taxable values would not be adjusted. In each consent judgment, respondent "reserve[d] its right to petition the March 2007 (or any year thereafter) board of review for uncapping relief regarding the subject property." Shortly thereafter, respondent filed appeals with the March board of review, which then uncapped the taxable value of the parcels for tax year 2007 on the basis of the 2004 transfer.

Petitioner again filed appeals in the MTT, and both parties moved for summary disposition. Specifically, petitioner argued that under MCL 211.27a(3), the taxable value could only be uncapped in the tax year immediately following the transfer. After that, petitioner argued, the value could only change "by either the rate of inflation or 5 percent, whichever is less, until the year after ownership . . . is transferred again." The MTT ruled that the March board of review was authorized to uncap the 2007 assessments under MCL 211.29 and MCL 211.30. The MTT noted that MCL 211.27b allows later adjustments to the taxable value if the assessor is not notified of the transfer; thus, uncapping under MCL 211.27a(3) was not strictly limited to the year following the transfer.

Petitioner moved for reconsideration and rehearing, but the MTT denied the motion. Petitioner now appeals as of right.

Petitioner first argues that the MTT committed a legal error by holding that it was permissible to uncap the 2007 and 2008 taxable values of petitioner's real property even though the transfer of those parcels of

property occurred three years before the uncapping. Petitioner asserts that this legal error was the result of a misinterpretation of several statutory provisions, including MCL 211.27a and MCL 211.30. We agree.

In the absence of fraud, review of a decision by the MTT is limited to determining whether the tribunal erred in applying the law or adopted a wrong principle. Its factual findings are conclusive if supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Continental Cablevision of Mich, Inc v City of Roseville*, 430 Mich 727, 735; 425 NW2d 53 (1988). Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence. *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 352-353; 483 NW2d 416 (1992). Additionally, the MTT's holding was dependent on statutory interpretation and the application of constitutional principles. Statutory interpretation is a question of law that is considered de novo on appeal. *Esselman v Garden City Hosp*, 284 Mich App 209, 216; 772 NW2d 438 (2009). This Court also reviews constitutional issues de novo. *Harvey v Michigan*, 469 Mich 1, 6; 664 NW2d 767 (2003).

Petitioner contends that this dispute is controlled by MCL 211.27a, which provides as follows:

(1) Except as otherwise provided in this section, property shall be assessed at 50% of its true cash value under section 3 of article IX of the state constitution of 1963.

(2) Except as otherwise provided in subsection (3), for taxes levied in 1995 and for each year after 1995, the taxable value of each parcel of property is the lesser of the following:

(a) The property's taxable value in the immediately preceding year minus any losses, multiplied by the lesser of

1.05 or the inflation rate, plus all additions. For taxes levied in 1995, the property's taxable value in the immediately preceding year is the property's state equalized valuation in 1994.

(b) The property's current state equalized valuation.

(3) Upon a transfer of ownership of property after 1994, the property's taxable value for the calendar year following the year of the transfer is the property's state equalized valuation for the calendar year following the transfer.

(4) If the taxable value of property is adjusted under subsection (3), a subsequent increase in the property's taxable value is subject to the limitation set forth in subsection (2) until a subsequent transfer of ownership occurs. If the taxable value of property is adjusted under subsection (3) and the assessor determines that there had not been a transfer of ownership, the taxable value of the property shall be adjusted at the July or December board of review. Notwithstanding the limitation provided in [MCL 211.53b(1)] on the number of years for which a correction may be made, the July or December board of review may adjust the taxable value of property under this subsection for the current year and for the 3 immediately preceding calendar years. A corrected tax bill shall be issued for each tax year for which the taxable value is adjusted by the local tax collecting unit if the local tax collecting unit has possession of the tax roll or by the county treasurer if the county has possession of the tax roll. For purposes of [MCL 211.53b], an adjustment under this subsection shall be considered the correction of a clerical error.

On appeal, petitioner argues that that, when read together, MCL 211.27a(2) and (3) unambiguously provide that a property's taxable value can only be uncapped in the year following the transfer of that property. Petitioner essentially argues that when a taxpayer correctly files a property transfer affidavit, the relevant authority has one year to uncap the property for tax purposes. Pursuant to this argument, if the property is not timely uncapped, it may not be uncapped until the

next time it is transferred. Alternatively, petitioner asserts that should this Court determine that MCL 211.27a is an ambiguous statute, it must be interpreted favorably to the taxpayer.

At oral argument, respondent appeared to concede that MCL 211.27a was ambiguous because, in the present case, it was not possible to comply with MCL 211.27a(2) without violating MCL 211.27a(3). However, respondent asserted that the ambiguity was without consequence because this dispute is governed by MCL 211.29 and MCL 211.30. MCL 211.29(2) provides as follows:

> [The March board of review], of its own motion, or on sufficient cause being shown by a person, shall add to the roll the names of persons, the value of personal property, and the description and value of real property liable to assessment in the township, omitted from the assessment roll. The board shall correct errors in the names of persons, in the descriptions of property upon the roll, and in the assessment and valuation of property. The board shall do whatever else is necessary to make the roll comply with this act.

MCL 211.30(4) provides as follows:

> At the request of a person whose property is assessed on the assessment roll or of his or her agent, and if sufficient cause is shown, the board of review shall correct the assessed value or tentative taxable value of the property in a manner that will make the valuation of the property relatively just and proper under this act. . . . The board of review, on its own motion, may change assessed values or tentative taxable values or add to the roll property omitted from the roll that is liable to assessment if the person who is assessed for the altered valuation or for the omitted property is promptly notified and granted an opportunity to file objections to the change at the meeting or at a subsequent meeting.

According to respondent, these statutes demonstrate that the Legislature granted the March board of review broad power to ensure that the tax rolls comply with the General Property Tax Act (GPTA), MCL 211.1 *et seq.* Pursuant to MCL 211.30, the March board of review was permitted, on its own motion, to modify the assessed values or tentative taxable values of the property in question as long as petitioner was notified and provided an opportunity to file an objection. In further support of this argument, respondent cites State Tax Commission Bulletin No. 9 of 2005, in which the tax commission opined on a hypothetical scenario that was analogous to the facts of this case. While administrative interpretations are entitled to respectful consideration, however, they are not binding on this court. *In re Complaint of Rovas against SBC Mich*, 482 Mich 90, 117; 754 NW2d 259 (2008).

The GPTA unambiguously provides the method for calculating a property's taxable value. When statutory language is clear and there is no ambiguity, this Court is not permitted to engage in judicial construction. *Gateplex Molded Prod, Inc v Collins & Aikman Plastics, Inc*, 260 Mich App 722, 726; 681 NW2d 1 (2004). MCL 211.27a(2) provides that a property's taxable value is the lesser of the property's current SEV or the "[t]he property's taxable value in the immediately preceding year minus any losses, multiplied by the lesser of 1.05 or the inflation rate, plus all additions." The formula provided in MCL 211.27a(2) applies unless the property was transferred in the previous year, in which case MCL 211.27a(3) provides that "the property's taxable value for the calendar year following the year of the transfer is the property's state equalized valuation for the calendar year following the transfer." It is undisputed that petitioner's property was transferred in 2004. The tax year at issue in the present case is 2007. Therefore,

because the parcels in question were not transferred in 2006, the unambiguous language of MCL 211.27a(2) provides that the 2007 taxable value is of each parcel the lesser of (1) the parcel's 2006 taxable value, minus any losses, multiplied by the lesser of 1.05 or the inflation rate, plus all additions, or (2) the parcel's 2007 SEV.

We conclude that the MTT erroneously concluded that MCL 211.30 permitted the uncapping of petitioner's property for the tax years in question. In doing so, we acknowledge that MCL 211.29 and 211.30 do grant broad power to the March board of review to ensure that the assessment roll complies with the provisions of the GPTA. However, we further conclude that while the March board of review possesses broad power, that power must be limited by the other provisions of the GPTA. In other words, while the March board of review may modify assessed values and tentative taxable values to be consistent with a provision of the GPTA, it may not make a modification that will contradict an express GPTA provision. Our conclusion is required by a well-established principle of statutory interpretation: this Court must avoid interpreting a statute in a way that would render statutory language nugatory. *Robinson v City of Lansing*, 486 Mich 1, 21; 782 NW2d 171 (2010). If the March board of review was statutorily permitted to uncap a property's value for a year that was not immediately subsequent to a year of transfer, MCL 211.27a(2) and (3) would essentially be rendered meaningless. As a result, taxpayers would be subject to perpetual uncertainty. Further, we are not persuaded by the language of MCL 211.27b(1), which addresses a circumstance in which the taxable value of a property is not uncapped as a result of a transferee failing to report the property transfer. There is no allegation in this case that petitioner failed to follow the proper protocol after

the property transfer. Rather, for reasons that are unclear, respondent merely failed to uncap the property in a timely manner.

We note that our holding is limited to the specific facts of this case. As stated earlier, respondent entered a consent agreement regarding the 2005 taxable value. As a result, we offer no opinion regarding whether the March board of review would have been permitted to retroactively uncap the taxable value for the year immediately following the transfer of the property.

Finally, because we conclude that the MTT erred, it is unnecessary to address whether principles of res judicata or collateral estoppel precluded respondent from petitioning the March board of review.

Reversed and remanded to the Michigan Tax Tribunal for entry of judgments consistent with this opinion. We do not retain jurisdiction.

FORT HOOD, P.J., and BORRELLO and STEPHENS, JJ., concurred.