MJC/LOTUS GROUP v BROWNSTOWN TOWNSHIP

CW DEVELOPMENT LLC/MEADOW WALK
v GRAND BLANC TOWNSHIP

TOLL NORTHVILLE LIMITED PARTNERSHIP
v NORTHVILLE TOWNSHIP

Docket Nos. 295732, 296499, and 301043. Submitted May 11, 2011, at Lansing. Decided May 31, 2011, at 9:00 a.m. *Toll Northville Ltd Partnership* (Docket No. 301043) reversed and remanded, 491 Mich 518.

Toll Northville Limited Partnership and Biltmore Wineman L.L.C. installed road access, streetlights, sewer service, water service, electrical service, natural gas service, telephone service, and sidewalks for a residential development project in Northville Township. The township increased the tax assessments on the property because of these public-service improvements. Toll Northville and Biltmore contested the assessments before the Tax Tribunal, and Toll Northville brought an action for declaratory judgment against the township in the Wayne Circuit Court, challenging the constitutionality of MCL 211.34d(1)(b)(*viii*), the statute on which the township based the assessment increases, arguing that the increases violated Const 1963, art 9, § 3. The Tax Tribunal stayed the proceeding before it pending a resolution of the lawsuit. The court, John A. Murphy, J., ruled that the statute was unconstitutional. The Court of Appeals, WHITBECK, C.J., and HOEKSTRA and WILDER, JJ., affirmed, concluding that improvements that become part of the real property as structures or fixtures constitute taxable "additions" under the Constitution and the statute, but that term does not include public-service improvements because title to the improvements will ultimately vest in the municipality or a utility company. 272 Mich App 352 (2006). The Supreme Court affirmed in part and vacated in part, holding that MCL 211.34d(1)(b)(*viii*) is unconstitutional because it is inconsistent with the meaning of the term "additions" as used in Const 1963, art 9, § 3. 480 Mich 6 (2008). Following the Supreme Court's decision, the Tax Tribunal removed the tax appeal from abeyance. Toll Northville and Biltmore argued that in light of the Supreme Court's ruling, the public-service improvements had to be removed from the taxable value of the properties even though the value of those

improvements had been added in a year not under appeal because that value was used as the starting point for calculating the taxable value for years properly under appeal. The tribunal concluded that it lacked jurisdiction to review the subject properties' taxable values in a year not under appeal, but nevertheless amended the taxable value of the properties in question because the assessed value of the properties included an amount for public-service improvements. Northville Township appealed (Docket No. 301043).

MJC/Lotus Group brought an action in the Tax Tribunal appealing the subject properties' valuation for the 2006 tax year by Brownstown Township, later amending the appeal to include subsequent years, in light of an increase in the taxable value of the property in 2005 as a result of the construction of a new road near the property. The Tax Tribunal stayed the proceeding pending a resolution of the *Toll Northville* litigation concerning the constitutionality of including the value of public-service improvements in taxable value. After the Supreme Court's decision on that question, the Tax Tribunal removed the tax appeal from abeyance. The tribunal granted summary disposition in favor of the township, concluding that the tribunal did not have subject matter jurisdiction to review the properties' 2005 taxable values and that the assessor correctly calculated the subject properties' subsequent taxable values using the previous years' taxable values. MJC/Lotus Group appealed (Docket No. 295732).

CW Development L.L.C./Meadow Walk brought an action in the Tax Tribunal appealing the subject properties' valuation for the 2005 tax year by Grand Blanc Township, later amended to include subsequent years, in light of an increase in the taxable value of the property in 2004 as a result of public-service improvements constructed in 2003. The Tax Tribunal stayed the proceeding before it pending a resolution of the *Toll Northville* litigation and removed the tax appeal from abeyance after the Supreme Court's decision on that question. The tribunal granted partial summary disposition in favor of the township, concluding that the properties' values were uncapped for the 2004 calendar year and that no improvements were subsequently added to the taxable values of the subject properties after that time. The tribunal then issued a final order holding that it had no jurisdiction over the 2004 taxable value and that the subsequent years' taxable values were proper as assessed. CW Development L.L.C./Meadow Walk appealed (Docket No. 296499). The Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

The taxable value of a property for a given year is the property's taxable value in the immediately preceding year minus any losses, multiplied by the lesser of 1.05 or the inflation rate,

plus all additions. The Tax Tribunal lacks jurisdiction to indirectly review the accuracy of a property's taxable value in a year not under appeal notwithstanding that such value is used as a starting point to calculate the property's taxable value in a year properly under appeal. Thus, the tribunal may not correct a prior year's taxable value even if it improperly included the value of a public-service improvement as an addition. In calculating taxable value, "losses" are defined as property that has been destroyed or removed. Public-service improvements may not be deducted as a "loss" on the basis that the improvements were separated from the property when a larger parcel was divided into a smaller parcel because a loss may not result from a property split.

*MJC/Lotus Group* (Docket No. 295732) affirmed.

*CW Dev LLC/Meadow Walk* (Docket No. 296499) affirmed.

*Toll Northville Ltd Partnership* (Docket No. 301043) reversed and remanded.

1. TAXATION — REAL PROPERTY — TAXABLE VALUE — ADDITIONS — PUBLIC-SERVICE IMPROVEMENTS — IMPROVEMENTS IMPROPERLY INCLUDED IN TAXABLE VALUE IN A YEAR NOT UNDER APPEAL — TAX TRIBUNAL — JURISDICTION.

The Tax Tribunal lacks jurisdiction to indirectly review the accuracy of a property's taxable value in a year not under appeal notwithstanding that such value is used as a starting point to calculate the property's taxable value in a year properly under appeal; the tribunal may not correct a prior year's taxable value even if it improperly included the value of a public-service improvement as an addition (MCL 205.735; MCL 211.27a[2][a]; MCL 211.34d[1][b][*viii*]).

2. TAXATION — REAL PROPERTY — TAXABLE VALUE — LOSSES — PROPERTY SPLITS.

In calculating taxable value, "losses" are defined as property that has been destroyed or removed; public-service improvements may not be deducted as a loss on the basis that the improvements were separated from the property when a larger parcel was divided into a smaller parcel because a loss may not result from a property split (MCL 211.27a[2][a]; MCL 211.34d[1][h][*i*]).

*Hoffert & Associates, P.C.* (by *Myles B. Hoffert, David B. Marmon, Julia S. Rosen, Gregory M. Elliot,* and *Paige R. Harley*), for MJC/Lotus Group, CW Development L.L.C./Meadow Walk, Toll Northville Limited Partnership, and Biltmore-Wineman, L.L.C.

*Giarmarco, Mullins & Horton, P.C.* (by *Stephen J. Hitchcock* and *Geoffrey S. Wagner*), for Brownstown Township.

*Lyndon J. Lattie* for Grand Blanc Township.

*Hafeli Staran Hallahan & Christ, P.C.* (by *Laura M. Hallahan* and *Amy K. Driscoll*), and *Rose & Abramson, P.C.* (by *Nevin A. Rose*), for Northville Township.

Amici Curiae:

*Bauckham, Sparks, Lohrstorfer, Thall & Seeber, P.C.* (by *Robert E. Thall*), for the Michigan Townships Association.

*McClelland & Anderson, L.L.P.* (by *Gregory L. McClelland* and *Melissa A. Hagen*), for the Michigan Association of Realtors and the Michigan Association of Home Builders.

Before: MARKEY, P.J., and FITZGERALD and SHAPIRO, JJ.

PER CURIAM. The three appeals at issue here have been consolidated for the purpose of appellate review. In Docket No. 295732, petitioner MJC/Lotus Group (MJC), appeals as of right the Tax Tribunal's order denying MJC's motions for immediate consideration and summary disposition and granting summary disposition in favor of respondent Brownstown Township (Brownstown) on the ground that the tribunal lacked jurisdiction to review the 2005 taxable values of MJC's properties. In Docket No. 296499, petitioner CW Development L.L.C./Meadow Walk (CW) appeals as of right the tribunal's opinion and judgment affirming, in favor of respondent Grand Blanc Township (Grand Blanc), the 2004 taxable values of CW's properties for the tax years at issue on the ground that the tribunal lacked

jurisdiction to review them. In Docket No. 301043, respondent Northville Township (Northville) appeals as of right the tribunal's opinion and judgment adjusting the taxable values of properties owned by petitioners Toll Northville Limited Partnership (Toll) and Biltmore Wineman, L.L.C. (Biltmore) for the tax years at issue. We hold that the tribunal lacks jurisdiction to indirectly review the accuracy of a property's taxable value in a year not under appeal notwithstanding that such value is used as a starting point to calculate the property's taxable value in a year properly under appeal. Accordingly, we affirm the judgments reached in Docket Nos. 295732 and 296499, but reverse the judgment reached in Docket No. 301043 and remand the case to the tribunal for further proceedings consistent with this opinion.

## I. STANDARD OF REVIEW

The jurisdiction of the Tax Tribunal is set by statute, thereby raising a question of law, which we review de novo. *Nicholson v Birmingham Bd of Review*, 191 Mich App 237, 239; 477 NW2d 492 (1991). When examining a decision made by the tribunal, absent an allegation of fraud, our review is " 'limited to determining whether the tribunal erred in applying the law or adopted a wrong principle[.]' " *Danse Corp v Madison Heights*, 466 Mich 175, 178; 644 NW2d 721 (2002), quoting *Michigan Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994) (alteration in *Danse*). We treat the tribunal's factual findings as conclusive if " 'competent, material, and substantial evidence on the whole record' " supports them. *Id.* "Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 352-353; 483 NW2d 416 (1992).

In each of the three consolidated appeals, the petitioning party challenges as unconstitutional the taxable values of the subject properties in the year immediately preceding the first tax year under appeal. In Docket No. 295732, MJC challenges the subject properties' 2005 taxable values in its petition filed in tax year 2006, amended to include subsequent years. In Docket No. 296499, CW challenges the subject properties' 2004 taxable values in its petition filed in tax year 2005, amended to include subsequent years. In Docket No. 301043, Toll and Biltmore challenge the subject properties' 2000 taxable values in its petition filed in tax year 2001, amended to include subsequent years.

Docket No. 301043 provided the background for the issue at hand. The Tax Tribunal held the case in abeyance while Toll and Biltmore pursued a declaratory judgment action in the Wayne Circuit Court challenging the constitutionality of MCL 211.34d(1)(b)(*viii*). The case reached the Michigan Supreme Court, which held as follows:

> The issue is the constitutionality of MCL 211.34d(1)(b)(*viii*), which, as written, defines "public services" as "additions" and, therefore, would allow for the taxation of the value added from the installation of public-service improvements, which are "water service, sewer service, a primary access road, natural gas service, electrical service, telephone service, sidewalks, or street lighting." We agree with the analysis and the decision of the Court of Appeals, which declared MCL 211.34(1)(b)(*viii*) unconstitutional. The Court of Appeals correctly concluded that the mere installation of public-service improvements on public property or on utility easements does not constitute a taxable "addition"—as that term was understood when the public adopted Proposal A—in this instance, involving infrastructure improvements made to land destined to

become a residential subdivision. [*Toll Northville Ltd v Northville Twp*, 480 Mich 6, 13-14; 743 NW2d 902 (2008) (*Toll Northville II*).]

Although the invalidity of MCL 211.34d(1)(b)(*viii*) is not contested on appeal, there remain preliminary issues that must be addressed to decide the form of redress available to the parties in the instant actions.

The first question is whether the tribunal has subject matter jurisdiction to review the accuracy (here, the constitutional legitimacy) of the properties' taxable values in years not directly under appeal. The challenge is an indirect one by virtue of the mathematical formula that assessors use to compute a property's taxable value in a given year, the starting point of which is the property's taxable value in the immediately preceding year. The mathematical formula, set forth in MCL 211.27a(2)(a), provides that a property's taxable value in a given year equals "[t]he property's taxable value in the immediately preceding year minus any losses, multiplied by the lesser of 1.05 or the inflation rate, plus all additions." Petitioners in this case argue that the immediately preceding year's taxable values include "additions" for public-service improvements, which the Michigan Supreme Court declared unconstitutional. Therefore, according to petitioners, the tribunal must correct the constitutional errors, use the corrected taxable values to recalculate the taxable values in the first year under appeal, and similarly adjust the taxable values in subsequent years under appeal. We disagree.

Subject matter jurisdiction, which refers to the deciding body's authority to try a case of the kind or character pending before it, irrespective of the particular facts of the case, cannot be waived. *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 204; 631 NW2d 733 (2001). Concerns regarding subject matter jurisdiction

can be raised at any time, by any party, or sua sponte by the tribunal. *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 544; 656 NW2d 215 (2002). Indeed, when the tribunal finds that it lacks subject matter jurisdiction, it is obliged to dismiss the case and may proceed no further except to effectuate such dismissal. *Id.*

MCL 205.735(3) provides, in relevant part, that the tribunal's jurisdiction "is invoked by a party in interest, as petitioner, filing a written petition on or before June 30 of the tax year involved." Although the petitions in the instant cases are not themselves untimely, petitioners are attempting to use them to challenge the subject properties' taxable values from tax years not under appeal.

In *Leahy v Orion Twp*, 269 Mich App 527, 528-529; 711 NW2d 438 (2006), we addressed a similar situation in which a petition filed in 2003 challenged the subject property's 2003 assessed value on the ground that it had been incorrectly calculated in light of an error in the property's 2002 assessment. In challenging the 2002 assessment in his 2003 petition, the petitioner "argued that the tax code requires property taxes to be based on the prior year's assessed value, so that the prior year's value *must* be the correct value." *Id.* at 529. In rejecting the petitioner's argument, we held:

> Petitioner cannot be aggrieved by the tribunal's finding that respondent erroneously computed the 2003 assessment. Rather, petitioner challenges the 2003 assessment to the extent that it remains premised on an incorrect starting point. . . . However, this challenge presents a collateral attack on a matter that is no longer subject to litigation. [*Id.* at 530.][1]

We concluded that "the fixed assessment value must be

---

[1] The reference to a collateral attack was made in light of a 2002 action that the petitioner brought in the circuit court that had been dismissed,

used where, as here, a statutory assessment formula calls for the use of a now-unchallengeable assessed value." *Id.* at 531. In addition, we noted that the tribunal correctly dismissed the claim for lack of jurisdiction, explaining that the petitioner only appealed his 2003 assessment and any attempt to challenge prior years' assessments would have been untimely under MCL 205.735. *Id.* at 532.

Accordingly, the law prohibits the tribunal from revisiting the accuracy of assessments and other evaluations that have become "unchallengeable," whether because a final judgment has been entered regarding the values (collateral estoppel), or the window for filing a petition to challenge those values has lapsed (lack of jurisdiction). This long-held principle can be traced back to the Supreme Court's decision in *Auditor General v Smith*, 351 Mich 162, 168; 88 NW2d 429 (1958), in which it stated, "Failure to act to correct assessments and evaluations by the board of review in the manner as provided by statute precludes later attack upon the assessment."

Further, in *Toll Northville, Ltd v Northville Twp*, 272 Mich App 352, 360; 726 NW2d 57 (2006) (*Toll Northville I*), aff'd in part and vacated in part on other grounds *Toll Northville II*, 480 Mich 6, we previously acknowledged the implications of *Leahy* for the ultimate resolution of Docket No. 301043, which, at the time, was held in abeyance in the tribunal. We held that "[w]hile we acknowledge that . . . *Leahy* limit[s] the Tax Tribunal's authority to decide the accuracy and methodology of assessments to the tax years timely appealed, we do not agree that those decisions limit our ability to resolve the constitutional issue at hand." *Id.*

---

affirmed on appeal, and became a final judgment when the petitioner failed to take advantage of further appellate opportunities. *Leahy*, 269 Mich App at 530-531.

Consequently, we disagree with petitioners that nothing forbids the tribunal from hearing a constitutional argument regarding an invalid action occurring in the preceding year used to calculate the tax assessment for the current year. MCL 205.735(3), *Leahy*, *Smith*, and the foreshadowing in *Toll Northville I* precisely forbid the tribunal from taking such action.

MJC argues that its case is distinguishable in that it involves freshly split parcels in the first year under appeal. We acknowledge that the original parent parcel, which MJC purchased in 2001, was split into the child parcels that are the subject of this appeal in 2006, the first year under appeal, and that, therefore, there are no taxable values corresponding to the child parcels in 2005, the year in which public-service improvements were included in the parent parcel's taxable value. What MJC fails to explain, however, is why MJC could not have challenged the public-service additions included in the taxable value of the parent parcel in 2005. Because MJC has not argued that anything prevented it from filing a petition in 2005, the distinction makes no difference.

We agree with petitioners that unconstitutional statutes are void *ab initio*. Nevertheless, a determination that a related statute is unconstitutional does not nullify the limitation on the tribunal's jurisdictional authority, under which it may only review the accuracy of taxable values in years properly under appeal. Contrary to petitioners' suggestion, the tribunal's lack of jurisdiction does not nullify the previous litigation involving Toll. That litigation was a declaratory judgment action to determine the constitutionality of MCL 211.34d(1)(b)(*viii*), not an appeal from a tribunal decision. *Toll Northville I*, 272 Mich App at 361. In that litigation, Northville argued that we were without ju-

risdiction to decide whether MCL 211.34d(1)(b)(*viii*) was unconstitutional because "the Tax Tribunal would have no authority to change the 2001 and 2002 tax assessments on the basis of additions that occurred in tax year 2000." *Id.* at 360. We noted that "the Tax Tribunal has not yet issued a ruling so as to invoke our review of its jurisdiction. The determination whether jurisdiction exists to hear the developers' challenge to the actual tax assessment is based on fact-finding within the province of the Tax Tribunal." *Id.* at 361. Thus, *Toll Northville I* undisputedly held that MCL 211.34d(1)(b)(*viii*) was unconstitutional, but recognized that a party's ability to invoke the tribunal's jurisdiction to lower a property's taxable value if, and to the extent that, such value includes additions for public-service improvements would rely solely on whether the facts in the specific case fell within the tribunal's jurisdiction—a question not before the Court at that time. *Id.* at 361, 376. That question is, however, precisely what is now before us and, as noted earlier in this opinion, we conclude that the tribunal lacks jurisdiction to reach back into years not under appeal to correct those constitutional errors.[2]

We also reject the argument that MCL 211.27a, which sets forth the mathematical formula used to determine a property's taxable value, somehow confers jurisdiction on the tribunal to review the prior year's taxable value. MCL 211.27a(2) provides, in pertinent part:

> Except as otherwise provided in subsection (3), for taxes levied in 1995 and for each year after 1995, the taxable value of each parcel of property is the lesser of the following:

---

[2] We also note that permitting petitioners to challenge the constitutionality of the taxable values of properties in the year preceding the first tax years under appeal would nullify the mandates of MCL 205.735(3).

(a) *The property's taxable value in the immediately
preceding year* minus any losses, multiplied by the lesser of
1.05 or the inflation rate, plus all additions. For taxes levied
in 1995, the property's taxable value in the immediately
preceding year is the property's state equalized valuation
in 1994. [Emphasis added.]

Merely using a property's taxable value in the immedi-
ately preceding year to perform a calculation, as MCL
211.27a instructs, is quite different than reviewing the
accuracy, constitutional or otherwise, of such taxable
value. We reached a similar conclusion in a decision
related to uncapping issues. In *Mich Props, LLC v
Meridian Twp*, 292 Mich App 147, 149-150, 154; 808
NW2d 506 (2011), this Court concluded that the tribu-
nal erred when it permitted property to be uncapped for
the 2007 and 2008 tax years when the transfer had
occurred in 2004. We conclude that the prohibition
must cut both ways. If a taxing authority may not reach
back into the past to "correct" a property value by
uncapping when it failed to uncap at the time the
transfer occurred, property owners must likewise be
denied the ability to reach back into the past and
"correct" values when they failed to appeal the taxable
value during the designated statutory period. Thus,
although MCL 211.27a calls for use of the immediately
preceding year's taxable value, it does not extend the
jurisdiction of the Tax Tribunal to permit a second bite
at the apple to contest the taxable value in tax years
that were not timely appealed.[3]

---

[3] The *Leahy, Toll Northville I*, and *Smith* decisions make it apparent
that whether the tribunal may revisit an earlier year's taxable value for
the purpose of calculating the property's taxable value in a year properly
under appeal is *not* an open question. Indeed, petitioners fail to cite to
any case in which the tribunal has been permitted to reach back in time
to correct taxable values in years not under appeal. Therefore, it is
unnecessary to consider the parties' various policy arguments that the
tribunal *should* be permitted to do so.

### III. PUBLIC-SERVICE IMPROVEMENTS
### MAY NOT BE DEDUCTED AS A "LOSS"

Petitioners MJC, Toll, and Biltmore argue that, even assuming that the tribunal lacked jurisdiction to recalculate the subject properties' taxable values in years not under appeal that contain unconstitutional "additions" for public-service improvements, it should have deducted the same from the properties' taxable values in years properly under appeal as a "loss." For several reasons, this argument must fail.

"[L]osses" are defined, in pertinent part, as "[p]roperty that has been destroyed or removed." MCL 211.34d(1)(h)(i). Under MCL 211.27a(2)(a), the taxable value of a parcel of property equals "[t]he property's taxable value in the immediately preceding year *minus any losses*, multiplied by the lesser of 1.05 or the inflation rate, plus all additions." Here, no loss occurred because the public-service improvements were neither removed nor destroyed.

Petitioners argue that the value of the public-service improvements was "destroyed or removed" when the larger parcels were divided into the smaller subject parcels, resulting in a separation of the public-service improvements from the properties. This position is contrary to MCL 211.34d(1)(i)(i), which provides that the term, "losses," does not include decreased value attributable to splits of property. And petitioners have cited no caselaw in which the value of public service improvements, when such improvements are separated from property as a result of a split, have been considered a "loss" under MCL 211.34d(1)(h)(i) that must be deducted from a property's taxable value under MCL 211.27a(2)(a).

In any event, the *Toll Northville II* decision forecloses petitioners' argument. Under *Toll Northville II*,

the value of public-service improvements may not be included in a property's value as an "addition." Including such value is unconstitutional. In a timely filed petition, if a property's taxable value is found to include the value of public-service improvements, the tribunal must reduce the property's taxable value under *Toll Northville II*. If we were to accept petitioners' position, the tribunal would be required to reduce the property's taxable value again, and by the same amount, because the value of public-service improvements constitutes, not only an unconstitutional "addition," but also a "loss." Accordingly, we hold that there was no "loss" within the meaning of the statute in these cases. Rather, in years not properly under appeal, the subject properties' taxable values, which are now finalized, include unconstitutional additions for public-service improvements. The tribunal, however, lacks jurisdiction to reach back into years not under appeal to correct those constitutional errors.[4]

### IV. NORTHVILLE'S ADDITIONAL ISSUES

In addition to its jurisdictional argument, Northville argues that the tribunal, by reducing the subject properties' taxable values by the amount of public-service additions, violated the doctrines of collateral estoppel, res judicata, and the law of the case. We decline to address these arguments because we find the tribunal's lack of jurisdiction a sufficient ground to reverse the tribunal's decision adjusting the subject properties' taxable values in a year not under appeal.

Finally, Northville argues that the tribunal clearly erred by calculating the properties' taxable values in-

---

[4] In light of our determination that there is no jurisdiction, we need not consider Grand Blanc's alternative argument regarding the application of MCL 211.27a(3).

consistently with the parties' stipulations. We conclude that, because the tribunal lacked jurisdiction, it should not have engaged in any recalculation and we reverse any adjustment in taxable values that occurred. Therefore, we need not determine whether the tribunal's recalculation comported with the parties' stipulations.

V. CONCLUSION

Because the taxable values challenged in the instant actions are beyond the tribunal's jurisdiction to revisit, the only remaining question is whether the assessor properly applied the mathematical formula used to determine the subject properties' taxable values in the years properly under appeal. With the exception of the "loss" argument, which we reject, the parties do not dispute that the assessor properly applied the statutory inflationary factor to the subject properties' taxable values from the immediately preceding year to arrive at the subject properties' taxable values in the years properly under appeal.

In Docket No. 295732, the tribunal properly found that it lacked jurisdiction to review the subject properties' 2005 taxable values. It further found that the assessor correctly calculated the subject properties' 2006 taxable values using the allegedly erroneous 2005 taxable values, and that the subject properties' 2007 and 2008 taxable values were also correctly calculated using the previous years' taxable values. Accordingly, it granted Brownstown's motion for summary disposition and dismissed the case. The tribunal did not err.

In Docket No. 296499, the tribunal properly found that it lacked jurisdiction to review the subject properties' 2004 taxable values. It further found that CW failed to show that the assessor misapplied the statutory formula to arrive at the taxable values in tax years

2005, 2006, 2007, and 2008. Accordingly, it affirmed the properties' taxable values for the tax years at issue and ordered the case closed. The tribunal did not err.

In Docket No. 301043, the tribunal properly found that it lacked jurisdiction to review the subject properties' taxable values in a year not under appeal. However, the tribunal then stated:

> The Tribunal finds that the taxable value of the properties as assessed includes an amount for public service improvements. The Tribunal finds that this was found to be unconstitutional and, therefore, prospectively amends the taxable value of the properties at issue to conform to the Supreme Court's decision in *Toll* [*II*] . . . ."

By reducing the properties' taxable values in a year not under appeal, the tribunal violated the jurisdictional statute. In this regard, the tribunal misapplied the law and adopted a wrong principle.

Accordingly, we affirm the orders in Docket Nos. 295732 and 296499. In Docket No. 301043, we reverse the order adjusting the subject properties' taxable values and remand the case back to the tribunal with instructions that it affirm the subject properties' taxable values for the tax years at issue because it lacks jurisdiction to review them. We do not retain jurisdiction.

MARKEY, P.J., and FITZGERALD and SHAPIRO, JJ., concurred.