LEAHY v ORION TOWNSHIP

Docket No. 255431. Submitted January 6, 2006, at Detroit. Decided January 24, 2006, at 9:10 a.m.

Timothy R. Leahy filed a petition in the Tax Tribunal, challenging the 2003 property tax assessment of his residence by Orion Township. The tribunal agreed that the township had incorrectly computed the 2003 taxable value of the petitioner's property and reduced it. The tribunal concluded, however, that it lacked jurisdiction to review the 2000 through 2002 assessments, which the petitioner argued provided an erroneous starting point for the 2003 calculations, because the petitioner had failed to appeal the assessments in those years and the exception of MCL 211.53a for a mutual mistake did not apply. The petitioner appealed.

The Court of Appeals *held*:

The tribunal correctly determined that the starting point for the 2003 assessment was the final figure resulting from the 2002 assessment, which the petitioner had failed to appeal properly. Collateral estoppel bars relitigation of the 2002 assessment in a new action between the same parties because the earlier proceedings concerning the 2002 assessment resulted in a valid final judgment that actually and necessarily determined the issue. The petitioner failed to take advantage of appellate opportunities to challenge the earlier assessments in a timely manner, and the 2002 assessment is final because the time for appealing it has passed. The tribunal also correctly determined that it lacked jurisdiction to consider the untimely challenges to the earlier assessments. The petitioner is not entitled to a refund of any excess property taxes paid for those years.

Affirmed.

ACTIONS — COLLATERAL ESTOPPEL — TAXATION — PROPERTY TAX ASSESSMENTS.

Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the issue was actually and necessarily determined in the prior proceeding and the proceeding resulted in a valid final judgment; the doctrine of collateral estoppel bars relitigation when the parties had a full and fair opportunity to litigate the issue in an earlier action; a decision is final for purposes of the doctrine when all appeals have

been exhausted or the time available for an appeal has passed; the doctrine applies to a final property tax assessment that is used as a starting point for subsequent assessments.

*Law Offices of Fred Gordon, P.C.* (by *Fred Gordon*), for the petitioner.

*Secrest, Wardle, Lynch, Hampton, Truex and Morley* (by *Stephanie Simon Morita*) for the respondent.

Before: DONOFRIO, P.J., and BORRELLO and DAVIS, JJ.

PER CURIAM. Petitioner appeals as of right a residential property tax valuation judgment of the Michigan Tax Tribunal. We affirm.

Between 1998 and 2002, petitioner substantially remodeled his existing residence. Respondent therefore reassessed the taxable value of the property. In 2002, petitioner sued respondent in the circuit court to challenge the 2002 assessment, asserting that it should have been $116,222 rather than $137,910. The circuit court dismissed the action because it lacked jurisdiction, and this Court affirmed. *Leahy v Orion Twp*, unpublished opinion per curiam of the Court of Appeals, issued December 14, 2004 (Docket No. 250406).

Petitioner subsequently appealed his 2003 property tax assessment to the board of review, again asserting that it had been incorrectly calculated. After the board of review rejected his appeal, he timely filed a petition with the Tax Tribunal to challenge the state equalized value and assessed taxable value. Among other findings, the tribunal agreed that respondent had erroneously computed the 2003 taxable value and reduced it to $149,422, "determined by taking the 2002 taxable value of $137,910, adjusting it 1.5% for [the] 2003 [consumer price index], then adding to the result the addition of $9,444 (one-half of the true cash value of the property

added during 2002)." However, the tribunal found that it lacked jurisdiction to revisit the 2000 through 2002 assessments because petitioner had

> failed to appeal his assessment in said years [2000 through 2002]; therefore, those years are not currently before the Tribunal. As a general rule, the Tribunal lacks jurisdiction to revise a property's taxable value with respect to tax years not properly before it. An exception to this rule is set forth in MCL 211.53a . . . . In the instant case, however, the mistake, if any, in Respondent's determination of the subject property's taxable value for 2000 - 2002 was not the result of a clerical error or mutual mistake of fact; thus the Tribunal does not have jurisdiction over those tax years, and no revisions may be made to the taxable values set forth by Respondent.

In his request for rehearing or reconsideration, petitioner argued that the tax code requires property taxes to be based on the prior year's assessed value, so the prior year's value *must* be the correct value. Petitioner suggests on appeal that because the tribunal found that respondent had erred in the 2003 assessment, respondent must recognize its errors for the years 2000 through 2002, correct those assessments, and then recompute the 2003 taxable value. Petitioner also seeks a refund of any amount paid in excess of that required by the corrected assessments for 2000 through 2002.[1]

Our review of Tax Tribunal decisions is limited:

> Absent fraud, this Court's review of a Tax Tribunal decision is limited to determining whether the tribunal made an error of law or adopted a wrong legal principle. The tribunal's factual findings are upheld unless they are not supported by competent, material, and substantial evidence. Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than

---

[1] Petitioner abandoned this issue at oral argument, but we nevertheless consider it on the basis of the briefs.

a preponderance of the evidence. Failure to base a decision on competent, material, and substantial evidence constitutes an error of law requiring reversal. [*Meijer, Inc v City of Midland*, 240 Mich App 1, 5; 610 NW2d 242 (2000) (citations omitted).]

Petitioner cannot be aggrieved by the tribunal's finding that respondent erroneously computed the 2003 assessment. Rather, petitioner challenges the 2003 assessment to the extent that it remains premised on an incorrect starting point. Thus, petitioner argues that the 2003 assessment remains erroneous because it was computed on the basis of the 2002 taxable value of $137,910. However, this challenge presents a collateral attack on a matter that is no longer subject to litigation.

Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding. See *People v Gates*, 434 Mich 146, 154; 452 NW2d 627 (1990); 1 Restatement Judgments, 2d, § 27, p 250. The doctrine bars relitigation of issues when the parties had a full and fair opportunity to litigate those issues in an earlier action. *Arim v Gen Motors Corp*, 206 Mich App 178, 195; 520 NW2d 695 (1994). A decision is final when all appeals have been exhausted or when the time available for an appeal has passed. See *Cantwell v City of Southfield (After Remand)*, 105 Mich App 425, 429-430; 306 NW2d 538 (1981).

Petitioner's attempts to challenge the 2002 assessment culminated in this Court's affirmance of the circuit court's dismissal of petitioner's complaint. The record shows that, in that appeal, petitioner failed to take advantage of appellate opportunities to disturb the challenged assessment while he had time to do so. This

Court affirmed both the circuit court's dismissal for lack of jurisdiction and its award of sanctions, rejecting petitioner's attempt to characterize his claim as a constitutional one. *Leahy, supra,* slip op at 1-2. Because the time available for appeals has run out, that assessment now stands as final. Therefore, petitioner is precluded from attacking the 2002 taxable value assessment. We agree with the Tax Tribunal that the starting point for the 2003 assessment was the final figure resulting from the initial 2002 assessment and petitioner's failed attempts to appeal it: $137,910.

Petitioner's reliance on *Eagle Glen Golf Course v Surrey Twp,* unpublished opinion per curiam of the Court of Appeals, issued April 19, 2002 (Docket No. 224810), is misplaced. First, unpublished decisions of this Court are not binding precedents. MCR 7.215(C)(1). Second, the cases are distinguishable. In *Eagle Glen,* the issue was whether the township could, under the statute concerning property that had been incorrectly reported or omitted from the tax rolls, MCL 211.154, revise assessed values for 1994 through 1997 upward and, as a result, also increase the assessed value for 1998. *Eagle Glen, supra,* slip op at 1-2. This Court held that the township could not revise the 1994 through 1997 values or the 1998 assessment in reliance on those revisions. *Id.,* slip op at 3-4. Thus, *Eagle Glen* does not stand for the proposition that a taxing authority may revise earlier assessments and then cause those revised values to be used in subsequent years. Rather, the case stands for the proposition that, once an assessment appeals period runs, the assessed value is no longer subject to change. Accordingly, the fixed assessment value must be used where, as here, a statutory assessment formula calls for the use of a now-unchallengeable assessed value.

For these reasons, we reject this claim of error.

Petitioner also argues that he is entitled to a refund of any excess taxes paid for 2000 through 2002. Petitioner stated at oral argument that he abandoned this issue. However, because the issue was briefed, we nevertheless consider it, and we find it meritless.

Petitioner relies on MCL 211.53a, which provides for recovery of excess taxes paid because of a mutual mistake of fact if the taxpayer brings a suit to recover the excess payments within three years. Petitioner argues that respondent made a mistake of fact in calculating the taxable value of petitioner's residence for those years, and petitioner's mistake was in failing to appeal those incorrect values. However, we find that the Tax Tribunal correctly found that it lacked jurisdiction to consider this challenge.

In his "Property Tax Matter Petition," petitioner appealed only his 2003 assessment. Moreover, any attempt to challenge prior years' assessments would have been rejected as untimely under MCL 205.735(2), which states that the "jurisdiction of the tribunal in an assessment dispute is invoked by a party in interest, as petitioner, filing a written petition on or *before June 30 of the tax year involved.*" (Emphasis added.) Thus, the petition in this case was timely only for a challenge to the 2003 assessment. An untimely filing under MCL 205.735(2) deprives the Tax Tribunal of jurisdiction to consider the petition other than to dismiss it. *Electronic Data Systems Corp v Flint Twp*, 253 Mich App 538, 544; 656 NW2d 215 (2002). Moreover, the Tax Tribunal is at liberty to raise and decide the question of its own jurisdiction on its own motion and at any time. *Id.*

Affirmed.