# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD BOTIMER,

UNPUBLISHED
March 15, 2016

Plaintiff-Appellant,

v

No. 324059
Macomb Circuit Court
LC No. 2013-005027-AA

MACOMB COUNTY CONCEALED WEAPONS
BOARD,

Defendant-Appellee.

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right the circuit court order affirming defendant's denial of his application for a concealed pistol license. We affirm.

As a preliminary matter, defendant argues that this Court does not have jurisdiction to hear this appeal as of right. MCR 7.203(A)(1)(a) provides, in pertinent part, that this Court has jurisdiction over an appeal of right filed from a final judgment or final order of the circuit court, except a judgment or order of the circuit court on appeal from any other court or tribunal. We determine that defendant is not a tribunal for the purposes of MCR 7.203(A)(1)(a) and thus we have jurisdiction to hear this claim of appeal.

MCL 28.425d governs appeals from decisions by concealed weapons boards and, at the time the denial letter was issued, stated in pertinent part as follows:

> (1) If the concealed weapon licensing board denies issuance of a license to carry a concealed pistol, or fails to issue that license as provided in this act, the applicant may appeal the denial or the failure to issue the license to the circuit court in the judicial circuit in which he or she resides. The appeal of the denial or failure to issue a license shall be determined by a review of the record for error, except that if the decision of the concealed weapon licensing board was based upon grounds specified in section 5b(7)(n) that portion of the appeal shall be by hearing de novo. Witnesses in the hearing shall be sworn. A jury shall not be provided in a hearing under this section.

-1-

(2) If the court determines that the denial or failure to issue a license was clearly erroneous, the court shall order the concealed weapon licensing board to issue a license as required by this act.

(3) If the court determines that the decision of the concealed weapon licensing board to deny issuance of a license to an applicant was arbitrary and capricious, the court shall order this state to pay 1/3 and the county in which the concealed weapon licensing board is located to pay 2/3 of the actual costs and actual attorney fees of the applicant in appealing the denial.

This Court reviews a lower court's review of an agency decision to determine "whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd v Civil Serv Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). This standard of review is the same as a "clearly erroneous" standard of review. *Id*. at 234-235. A finding is considered to be "clearly erroneous" when, after a review of the whole record, this Court is left with "the definite and firm conviction that a mistake has been made." *Id*. at 235.

Plaintiff first argues that his due process rights were violated by defendant's failure to state specific statutory reasons for denying his application. We disagree. Because plaintiff failed to preserve this issue for appeal, our review is for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). Plaintiff claims that his due process rights, which qualify as substantial rights, were violated because defendant's failure to specify the grounds for denying his application for a concealed pistol license (CPL) gave him no opportunity to respond to new evidence. Plaintiff uses as an example the two 2002 pre-petition Clinical Certificates filed with a Petition/Application for Hospitalization submitted by defendant. However, the denial letter clearly stated that the application was denied due to a diagnosed mental illness. Although plaintiff claims that defendant failed to provide supporting documentation that he was hospitalized, the initial revocation of his CPL referenced the probate court proceedings and related diagnosis and indicates that plaintiff was provided with those documents.

Plaintiff also claims that defendant's denial letter did not comply with the concealed pistol licensing act (CPLA), MCL 28.421 *et seq.*, because it did not provide "a statement of the specific and articulable facts supporting the denial." MCL 28.425b(13)(a)(i).[1] At the time the denial letter was issued, MCL 28.425b(7)(l) required that, before a CPL could be issued, it must be determined that "[t]he applicant does not have a diagnosed mental illness at the time the application is made regardless of whether he or she is receiving treatment for that illness." The November 21, 2013 denial letter stated: "Your license to carry a concealed pistol was previously revoked for the reason that you had a diagnosed mental illness. You declined the opportunity offered by the Board to provide an updated report on your mental health." We find that the letter's stated reason for the denial is articulated with enough specificity to determine under

---

[1] For denials before December 1, 2015, the CPLA does not require that a statement of each statutory disqualification be identified. MCL 28.425b(13)(a)(i).

which statutory ground the permit was denied and contained supporting facts such as plaintiff's refusal to provide an undated mental health report. Because plaintiff was denied a concealed pistol permit under MCL 28.425b(7)(1), the circuit court reviewed that decision for error and found none.

Plaintiff next argues that the finding that he has a diagnosed mental illness was clearly erroneous. We disagree. The record establishes that plaintiff was diagnosed with and hospitalized for a mental illness in 2002. The discharge summary from plaintiff's involuntary hospitalization in 2002 states that he was diagnosed with major depression, which constitutes a mental illness pursuant to MCL 28.425b(19)(c). Plaintiff testified at the November 15, 2013 hearing that he was misdiagnosed with a mental illness however he failed to produce any documentary support for his assertion. Although plaintiff references a 2013 report from the Chief of Forensic Services, Henry Ford Behavioral Health Services, which plaintiff claims concluded that he did not have a diagnosed mental illness, a copy of this report was not submitted to defendant, the circuit court, or this Court, and thus has not been considered.

Plaintiff further asserts that, without a current diagnosis of a mental illness, defendant erred in denying his application. He relies upon *Heindlmeyer v Ottawa Co Concealed Weapons Licensing Bd*, 268 Mich App 202, 224-225; 707 NW2d 353 (2005), which held that the gun board could not find that the plaintiff was "currently mentally ill" when he had not had any mental health problems for more than a decade. However, *Heindlmeyer* is distinguishable from plaintiff's situation. There, although the plaintiff had been voluntarily hospitalized for a psychotic episode, when applying for a concealed pistol license years later he provided the gun board with opinions from two different mental health professionals that stated he was mentally competent to obtain a weapon. *Id*. at 204-206. Nonetheless, expressing concern over references to suicidal ideations and violent tendencies in the plaintiff's file in *Heindlmeyer* and despite the current favorable reports, the board subsequently denied the plaintiff's application pursuant to MCL 28.425b(7)(n). *Id*. at 208-209. The circuit court reversed the board's decision on appeal, finding that, "during the preceding 13 years, 'there has not been a single incident disclosed by the evidence which would suggest [the plaintiff] is suffering from mental illness or engaged in any activity which might be considered as being a threat to himself or others.'" *Id*. at 213.

Here, unlike the plaintiff in *Heindlmeyer*, plaintiff failed to provide a recent report on his mental health and denied that he even had a recent report. Plaintiff claims that defendant cannot diagnose him but neither can plaintiff provide competent testimony in which he attempts to diagnose himself. Because plaintiff failed to present a report from a qualified mental health profession professional at the November 15, 2013 hearing to indicate that his diagnosis had changed, defendant properly denied his application.

Additionally, plaintiff is collaterally estopped from challenging defendant's 2003 decision because the decision is now final and the time for appealing it has expired. A decision is final when any appeal has been exhausted or when the time available for an appeal has passed. *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006). Collateral estoppel applies to administrative determinations provided they are adjudicatory in nature, there is a right to appeal, and the Legislature intended to make the decision final absent an appeal. *Nummer v Dep't of Treasury*, 448 Mich 534, 542; 533 NW2d 250 (1995). Here, plaintiff had a full hearing, presented evidence, and initially filed an appeal but then abandoned it.

Next, plaintiff argues that there was not clear and convincing evidence or probable cause to believe that issuing him a CPL would be detrimental to his safety or the safety of others. However, this argument must fail. Defendant did not base its decision on MCL 28.425b(7)(n) as this statute read at the time the denial letter was issued, and thus the clear and convincing standard would not apply. Plaintiff's application was denied because he was diagnosed with a mental illness and he failed to present evidence of a new favorable diagnosis. The circuit court properly found no error in that determination.

Plaintiff next argues that defendant's actions in revoking his CPL in 2003 because of a claimed diagnosed mental illness and requiring him in 2013 to provide an updated mental health report before granting his application were arbitrary and capricious. We disagree. As previously discussed, it is undisputed that plaintiff had been diagnosed with a mental illness in 2002. At the November 15, 2013 hearing, although plaintiff referred to an updated report, he failed to produce it. Plaintiff was not qualified to determine whether he was cured or still had a mental illness. Based upon the record, he has failed to establish that defendant's decision was incorrect, let alone arbitrary or capricious.

Plaintiff's next argument is that defendant's decision was not authorized by the CPLA because it failed to consider his current mental state and was not supported by competent, material, or substantial evidence on the whole record. We again disagree. Plaintiff's counsel admitted at the circuit court hearing that the record demonstrated that plaintiff had been diagnosed with mental illness. However, at the November 15, 2013 hearing of the gun board, plaintiff denied that he was ever diagnosed with a mental illness. The information before defendant was that plaintiff had been diagnosed with a mental illness and refused to provide any updated information regarding his mental health. Based on the record before defendant and the circuit court, defendant's decision was properly supported by material, competent and substantial evidence.

Plaintiff's final argument is that defendant's publication of and reliance on false information contained in his Law Enforcement Information Network (LEIN) report was a violation of his due process rights. This issue is considered abandoned because plaintiff has failed to cite any relevant authority in support of his position. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 221; 761 NW2d 293 (2008). "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001).[2]

---

[2] Defendant asserts issues regarding the timeliness of plaintiff's appeal to the circuit court and his challenge to the 2003 revocation of his CPL. Because defendant failed to file a cross appeal regarding the timeliness of plaintiff's appeal, these arguments are not properly before this Court. *Barnell v Taubman Co*, 203 Mich App 110, 123; 512 NW2d 13 (1993).

Accordingly, we find no error in the circuit court order affirming defendant's denial of plaintiff's application.

Affirmed.

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens