*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JASON KARMAN,

        Petitioner-Appellant,

v

CHARTER TOWNSHIP OF HARRISON,

        Respondent-Appellee.

UNPUBLISHED
March 23, 2023

No. 361683
Tax Tribunal
LC No. 21-002528

Before: GLEICHER, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Petitioner appeals as of right the Michigan Tax Tribunal's (MTT) final opinion and judgment (FOJ) valuing the true cash value (TCV) of his vacant residential property at $50,000, the state equalized value (SEV) at $25,000, and the taxable value (TV) at $21,801. We affirm.

## I. BACKGROUND

The vacant residential property at issue in this case is located in Harrison Township. For the 2021 taxable year, the subject property's SEV and TV were both assessed at $21,500. Petitioner protested the assessment at the March 2021 Board of Review (BOR). The BOR affirmed the assessment of the SEV and TV at $21,500.

In June 2021, petitioner, appearing *in propria persona*, challenged the BOR's assessment of the subject property for the 2021 tax year with the MTT. Petitioner claimed that the TCV, SEV, and TV of the subject property should have been valued at $20,180, $10,090, and $10,090, respectively. In support of his assertions, petitioner included, among other things, a list of comparable sales—five comparable land sales from 2020 and eight comparable land sales from 2019. Relying on these comparable sales, petitioner came up with an average price per square foot of land in Harrison Township, and then used that average to calculate the subject property's value. Based on this calculation, petitioner claimed that the subject property's SEV could not be more than $10,090. In answer to the petition, respondent generally denied petitioner's allegations and claimed that the TV was correct, and later submitted evidence to support that, based on a sales-comparison method, the subject property's TCV was $54,000, the SEV was $27,000, and the TV was $21,500.

-1-

The parties' competing evidence was submitted to and reviewed by an administrative law judge (ALJ), who eventually issued a proposed opinion and judgment (POJ). The ALJ began by summarizing the procedural history, issues and applicable law, the evidence presented by both parties, and each party's arguments. While no evidence was excluded, the ALJ gave petitioner's evidence little weight because his raw-sales data did not comply with the sales-comparison approach of valuation, as it was not adjusted for differences between the sold properties and the subject property. Conversely, the ALJ found that respondent applied reasonable adjustments demonstrating its listed comparable properties were similar to the subject property, although the ALJ gave no weight to one of respondent's six comparable properties "due to the combination of high gross adjustment percentage and distance in time [of sale] from tax day." Accordingly, the ALJ concluded that "[r]espondent's comparable sales [were] the only reliable evidence of value submitted by either party." Then, giving weight to respondent's non-excluded comparable properties, the ALJ found that the subject property's TCV was $50,000, the SEV was $25,000, and the TV was $21,801.

Petitioner filed objections to the POJ, claiming that the ALJ did not adequately detail petitioner's evidence or cite to petitioner's testimony or factual evidence presented. Petitioner submitted that the ALJ erred in his valuation of the subject property and that the subject property's TCV should have been valued at no more than $20,090.

Eventually, the MTT issued its FOJ affirming the ALJ's valuation of the subject property's TCV at $50,000, the SEV at $25,000, and the TV at $21,801. The MTT considered petitioner's objections but found that the ALJ properly considered the evidence and testimony before it when rendering the POJ. Specifically, the MTT found that petitioner's comparison of sales did not comply with the requirements of the sales-comparison approach because petitioner failed to apply adjustments based upon recognized market-based elements of comparison. Further, the MTT concluded that the ALJ had discretion to give more weight to respondent's evidence than petitioner's. Accordingly, because the findings of fact and conclusions of law in the POJ were based on evidence in the record, and because petitioner failed to show good cause justifying modification of the POJ or a rehearing, the MTT adopted the POJ as its final decision. This appeal followed.

## II. DETERMINING THE TRUE CASH VALUE

Petitioner raises five issues on appeal, each centering on his contention that the MTT erred in its determination of the subject property's TCV. We disagree.

## A. STANDARDS OF REVIEW

As explained by this Court in *Wexford Med Group v City of Cadillac*, 474 Mich 192, 201; 713 NW2d 734 (2006):

> The standard of review for Tax Tribunal cases is multifaceted. Where fraud is not claimed, this Court reviews the tribunal's decision for misapplication of the law or adoption of a wrong principle. We deem the tribunal's factual findings conclusive if they are supported by competent, material, and substantial evidence on the whole record. [Quotation marks and citations omitted.]

"Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Leahy v Orion Twp*, 269 Mich App 527, 529-530; 711 NW2d 438 (2006). "Failure to base a decision on competent, material, and substantial evidence constitutes an error of law requiring reversal." *Id*. When statutory interpretation is at issue, appellate review of the MTT's decision is de novo. *Liberty Hill Housing Corp v City of Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008). "When interpreting statutes, this Court must ascertain and give effect to the intent of the Legislature." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 528; 817 NW2d 548 (2012) (quotation marks and citations omitted). "When the words used in a statute or an ordinance are clear and unambiguous, they express the intent of the legislative body and must be enforced as written." *Sau-Tuk Indus v Allegan County*, 316 Mich App 122, 137; 892 NW2d 33 (2016).

## B. APPLICABLE LAW

Const 1963, art 9, § 3 requires that the TCV be used to determine property taxes. *Pontiac Country Club v Waterford Twp*, 299 Mich App 427, 434; 830 NW2d 785 (2013). Generally, TCV is synonymous with fair market value. *Id*. MCL 205.737(3) states, in relevant part: "The petitioner has the burden of proof in establishing the true cash value of the property." "The burden of proof encompasses two concepts: (1) the burden of persuasion, which does not shift during the course of the hearing; and (2) the burden of going forward with evidence, which may shift to the opposing party." *President Inn Props, LLC v City of Grand Rapids*, 291 Mich App 625, 631; 806 NW2d 342 (2011) (quotation marks and citation omitted). In a property tax dispute, the petitioner must prove by the greater weight of the evidence that the disputed assessment was too high based on the MTT's determination of the subject property's TCV. *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 409-410; 576 NW2d 667 (1998).

Although the MTT should consider different approaches in determining TCV by "correlating, reconciling, and weighing the values derived under various approaches," the MTT's duty is to determine an approach that most accurately reflects the value of the property. *Pontiac Country Club*, 299 Mich App at 435. The three "traditional methods" accepted by courts for determining TCV "are: (1) the cost-less-depreciation approach, (2) the sales-comparison or market approach, and (3) the capitalization-of-income approach." *Meadowlanes Dividend Housing Ass'n v Holland*, 437 Mich 473, 484-485; 473 NW2d 636 (1991). The relevant method advanced by the parties here is the sales-comparison or market approach. "The sales-comparison approach indicates true cash value by analyzing recent sales of similar properties, comparing them with the subject property, and adjusting the sales price of the comparable properties to reflect differences between the two properties." *Id*. at 485 n 19.

"The weight to be accorded to the evidence is within the Tax Tribunal's discretion." *Drew v Cass County*, 299 Mich App 495, 501; 830 NW2d 832 (2013) (quotation marks and citation omitted). In line with this principle, the MTT may accept one party's theory of valuation and reject the other, reject both parties' theories, or adopt a combination of both in making its own independent determination of the TCV. *Great Lakes*, 227 Mich App at 389-390. The MTT may not automatically accept respondent's assessment in a property-tax proceeding. *Id*. at 409.

## C. ANALYSIS

Petitioner first argues that he presented sufficient evidence establishing his proposed valuation of the subject property, and that the MTT "should have given equal consideration to [petitioner's] evidence during fact finding." This argument is based on the mistaken premise that the MTT did not give "equal consideration" to petitioner's evidence. The MTT clearly considered petitioner's evidence, just as it considered respondent's evidence. While the MTT decided to give petitioner's evidence little to no weight because petitioner failed to apply adjustments based on recognized market-based elements of comparison in compliance with the requirements of the sales-comparison approach, this does not change the fact that petitioner's evidence was given "equal consideration." Relatedly, the MTT validly used its discretion to decide the weight to be given to petitioner's evidence, see *Drew*, 299 Mich App at 501, and its conclusion that petitioner's evidence be given little to no weight necessarily means that petitioner's evidence was not sufficient to establish his proposed valuation of the subject property, contrary to petitioner's argument.[1]

Petitioner next argues that the MTT "should have performed their own independent fact finding" instead of blindly accepting respondent's valuation. Based on the record, however, it is clear that the ALJ did perform its own independent fact finding, and that the MTT reviewed both the ALJ's findings and petitioner's objections thereto before accepting the ALJ's POJ. The record shows that the ALJ evaluated all evidence presented, excluded evidence that did not comply with accepted models of comparison, and—based on the remaining, credible evidence—concluded that the TCV of the subject property was $50,000, the SEV was $25,000, and the TV was $21,801. In adopting the findings of fact of conclusions of law in the POJ, the MTT reviewed the POJ and concluded that the ALJ "properly considered the testimony and evidence submitted," properly weighed the evidence based on established principles, and properly applied the law to the facts before it. Contrary to petitioner's contention, neither the ALJ nor the MTT simply accepted respondent's "evidence as default for determining a true cash value," but rather thoroughly examined both parties' evidence, gave little to no weight to evidence that did not comply with

---

[1] Petitioner also asserts in a single sentence without citation that his evidence "is supposed to be construed in the most liberal and favorable manner towards [petitioner]," but this is untrue. Both parties are on equal footing before the MTT. The MTT in turn determines how much weight to give each party's evidence. *Drew*, 299 Mich App at 501. Neither party is given a finger on the scale during this determination.

Petitioner also, at times, references his status as an *in propria persona* litigant in contending that his evidence was entitled to special consideration. It is well-recognized, however, that individuals appearing *in propria persona*, while entitled to a degree of lenity when construing their pleadings, are not exempt or excused from supporting their claims. *Estelle v Gamble*, 429 US 97, 106-108; 97 S Ct 285; 50 L Ed 2d 251 (1976). Litigants who decide to proceed with self-representations, are still required to "comply with relevant rules of procedural and substantive law." *Faretta v California*, 422 US 806, 834 n 46; 95 S Ct 2525; 45 L Ed 2d 562 (1975). Thus, as relevant to petitioner's argument, his appearing *in propria persona* did not require his evidence to be viewed more favorably than if he was represented by counsel.

established principles (including some of respondent's evidence), and came to an independent determination of the subject property's TCV.

For his third argument, petitioner contends that he "fulfilled the burden of persuasion and substantiated" his claim, thereby shifting the burden of proof to respondent. Petitioner supports this argument by recounting the evidence he presented, and asserts that his evidence established that the BOR's, the ALJ's, and the MTT's valuations of the subject property were wrong. Petitioner contends that our review of this issue is de novo as a "statutory interpretation analysis," but what petitioner is actually asking this Court to review is whether petitioner's evidence rebutted the MTT's factual findings. Factual findings are subject not to de novo review but to the significantly more demanding substantial-evidence standard. See *Wexford Med Group*, 474 Mich 201 ("We deem the tribunal's factual findings conclusive if they are supported by competent, material, and substantial evidence on the whole record."). As explained, "[s]ubstantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Leahy*, 269 Mich App at 529-530. Here, the ALJ's factual findings, which the MTT adopted, were clearly supported by substantial evidence—namely, the non-excluded comparable sales submitted by respondent. While petitioner takes issue with the ALJ giving more weight to respondent's evidence than petitioner's evidence, this was not error for the reasons explained.

For his fourth argument, petitioner contends that placing the burden of proof on petitioners such as himself is "too burdensome" and "is out of harmony with actual law." According to petitioner, respondent should have the burden of establishing the subject property's valuation because it was the party that made the original claim about the property's value, and petitioner "need not provide proof [respondent's] claim is wrong." However, petitioner's argument is foreclosed by the clear and unambiguous language of MCL 205.737(3), which places the burden of proof on petitioners to establish a property's TCV.[2] Courts must apply MCL 205.737(3) as written, and any change to the statute must come from the Legislature.[3] See *Sau-Tuk Indus*, 316 Mich App at 137.

In his fifth and final argument, petitioner contends that the MTT failed to properly determine an accurate valuation of the subject property because, instead of performing its own fact-finding, the MTT relied solely on respondent's inaccurate evidence. In the POJ, the ALJ found that respondent applied reasonable adjustments demonstrating the comparable properties were similar to the subject property, although the ALJ determined it would give greater weight to some comparable properties and no weight to one of the properties. The ALJ also specifically

---

[2] Petitioner contends that, despite MCL 205.737(3)'s language, the MTT "is the actual party responsible for establishing a true cash value in these cases." This is incorrect. The MTT is not a party to valuation disputes. Rather, it sits as a factfinder and determines whether a petitioner has fulfilled their burden of proof under MCL 205.737(3).

[3] As part of this argument, petitioner reasserts his contention that a petitioner's evidence in a valuation dispute should be construed "in the most favorable manner," but this argument is without merit for the reasons explained in footnote 1.

addressed petitioner's concerns regarding respondent's evidence, finding that, because petitioner failed to provide superior evidence rebutting respondent's adjustments, there was no error in considering them to determine the TCV. Accordingly, contrary to petitioner's argument, nothing in the record suggests that the MTT failed to accurately value the subject property.[4]

In his reply brief, petitioner fleetingly contends that his right to due process was somehow violated by an alleged failure of the MTT to afford him notice and an opportunity to cure deficiencies in his submissions. This argument fails for multiple reasons. First, petitioner has waived this assertion by having failed to provide any supporting legal authority. See *Nat'l Waterworks, Inc v Int'l Fidelity & Surety, Ltd*, 275 Mich App 256, 265; 739 NW2d 121 (2007) ("When a party merely announces a position and provides no authority to support it, we consider the issue waived."). Second, this Court has recognized that "the Tax Tribunal has authority to allocate the burden of proof in a manner consistent with the legislative scheme." *Kostyu v Dep't of Treasury*, 170 Mich App 123, 130; 427 NW2d 566 (1988). As noted, the burden of proof is statutorily on petitioner under MCL 205.737(3). Petitioner's failure to fulfill his burden of proof in a manner that obtained the result petitioner desired is not the onus of the MTT, or a failure to afford due process. Consequently, petitioner's due process argument is also substantively without merit.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado

---

[4] In the course of this argument, petitioner again takes issue with the ALJ and MTT's decisions to give more weight to respondent's evidence than petitioner's, but this was not error for the reasons explained. See *Drew*, 299 Mich App at 501.