*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AHDAWANTAZALAM AARON,

        Plaintiff-Appellant,

v

DETROIT BUILDING SAFETY ENGINEERING
AND ENVIRONMENTAL DEPARTMENT,

        Defendant-Appellee.

UNPUBLISHED
July 20, 2023

No. 364033
Wayne Circuit Court
LC No. 21-000006-CZ

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.

## I. BACKGROUND

As far as we can discern, plaintiff's case encompasses an old controversy regarding a billboard that was atop a building but removed from that building prior to plaintiff purchasing the building. For background on this dispute, see two other decisions issued by this Court resolving appeals involving lawsuits that plaintiff filed against other defendants based on the same billboard. *Aaron v CBS Outdoors, Inc*, unpublished per curiam opinion of the Court of Appeals, issued December 11, 2014 (Docket No. 317552) and *Aaron v IB Property Holdings*, unpublished per curiam opinion of the Court of Appeals, issued November 29, 2018 (Docket No. 338575).

The complaint plaintiff filed on his own behalf to commence this case contained only the following allegations:

I Ahdawantazalam Aaron, purchased the property located at 8849 Grand. River Detroit, MI 48204, from IB Property Holdings in 2007 free of any encumbrances the property had a doubled faced advertising billboard that CBS OUT DOORS claimed they had a valid billboard permit issued by the City of Detroit and a valid variance issued by the Zoning Board to operate the billboards that were on my property. I ask that you provide those two documents.

CAUSE OF ACTION

CBS OUT DOORS INC., Claimed they owned and had the right to erect, remove, operate the advertising billboards that were on my property.

GROUNDS IN WHICH RELIEF CAN BE GRANTED

1. Have all the orders and decision handed down by the appellate court, court of claims and the supreme court and the county circuit court overturned.

2. Bring the advertising billboards that I re-erected on the roof of my building in compliance with the highway advertising act of 1972.

This being the sum-total of the complaint, defendant moved for summary disposition on the ground that the complaint failed to state a claim upon which relief can be granted, MCR 2.116(C)(8). The trial court agreed and entered the order plaintiff now appeals.

II. STANDARD OF REVIEW

Summary disposition is appropriate under MCR 2.116(C)(8) where the opposing party has failed to state a claim on which relief can be granted. MCR 2.116(C)(8). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the claim on the basis of the pleadings alone and the ruling is reviewed de novo." *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). This Court reviews for an abuse of discretion a trial court's decision to dispense with oral arguments before deciding a motion for summary disposition. *Fast Air, Inc v Knight*, 235 Mich App 541, 550; 599 NW2d 489 (1999). A trial court's decision on a motion for reconsideration is also reviewed for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008).

III. ANALYSIS

As with his complaint, plaintiff's brief on appeal contains no law, no understandable argument, and no citation to the record. Given this posture, it is difficult to even discern what plaintiff is seeking and how he believes the law requires any relief. In other words, plaintiff has not primed the appellate pump with any argument, case law, or statute relative to errors in the trial court's decision, and we cannot make arguments for him. *People v Johnson*, 340 Mich App 531, 550-551; 986 NW2d 672 (2022) ("We deem abandoned remaining issues defendant raised in his Standard 4 briefs because they are either indecipherable, entirely unsupported by citation to the record or law, or otherwise inadequately briefed for consideration."), citing *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998). See also *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). For that reason, we reject each of plaintiff's arguments regarding the merits.

Plaintiff's suit otherwise amounts to an impermissible collateral attack on the validity of the prior decisions related to this billboard dispute. *In re Ferranti*, 504 Mich 1, 22-23; 934 NW2d 610 (2019) (holding that "the 'collateral bar' rule generally prohibits a litigant from indirectly attacking a prior judgment in a later, *separate* action," and, instead, "the litigant must seek relief by reconsideration of the judgment from the issuing court or by direct appeal"). On appeal,

plaintiff essentially argues that he has ownership rights to the billboard or related licenses and permits, and that CBS Outdoors' claim of ownership to the billboard was fraudulent. Notwithstanding that CBS is not even a party in the instant litigation, plaintiff's contentions were already litigated and rejected by this Court in *CBS Outdoors, Inc*, unpub op at 3-4, which held that the subject billboard was CBS's property, not plaintiffs. Plaintiff sought leave to appeal that decision in both the Michigan Supreme Court and the Supreme Court of the United States, which were denied. *Aaron v CBS Outdoors, Inc*, 498 Mich 908 (2015); *Aaron v CBS Outdoors, Inc*, 579 US 918; 136 S Ct 2493; 195 L Ed 2d 824 (2016). Even more, this Court declined to consider that same issue raised by plaintiff in his subsequent suit against another defendant in *IB Property Holdings*, unpub op at 3, and the time available to appeal that decision has passed. This Court's decisions in *CBS Outdoors* and *IB Property Holdings* constituted final rulings on the merits and were immune from collateral attack. *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006) ("a decision is final when all appeals have been exhausted or when the time available for an appeal has passed").

Additionally, to the extent plaintiff states that the trial court erred by not holding oral argument on defendant's motion for summary disposition, there is no requirement that oral argument be held on motions. See MCR 2.119(E)(3) and *Westland v Kodlowski*, 298 Mich App 647, 662; 828 NW2d 67 (2012), vacated in part on other grounds 495 Mich 871 (2013). To the extent plaintiff argues that the trial court erred in denying his motion for reconsideration, plaintiff has offered nothing from which we could conclude that the trial court abused its discretion in denying that motion. See *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000).

Affirmed.


/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado